## MARSHALL *vs.* JONES.

In *assumpsit* it is competent for the defendant under the *general issue* to show that there are other persons jointly interested with the plaintiff who should have been joined; — and it is not necessary to plead such matter in *abatement.*

Where there is a *special contract*, the plaintiff cannot recover in *indebitatus assumpsit*, the stipulated price, unless there has been a complete performance on his part; nor then, if by such recovery the terms of the contract would be infringed.

Where general *indebitatus assumpsit* is brought notwithstanding the existence of a *special contract*, on the ground of performance by the plaintiff, such special contract is not necessarily excluded as evidence; but it may be introduced by the defendant to show that the plaintiff has not performed it, — or that the defendant is liable to others as well as the plaintiff for the damages sought to be recovered, — or that the rule of damages has been agreed on by the parties.

In this action the plaintiff declared in general *indebitatus assumpsit* for money had and received, work and labor performed, and money paid, laid out and expended. The several counts were for the same cause of action, *viz.* the building of a vessel for the defendant.

In support of the action the plaintiff called a witness who testified, that he worked in the plaintiff's ship-yard on the vessel built for the defendant — that he was employed by the plaintiff, of whom he received his wages except $12 paid by one *Winslow* — that the plaintiff appeared to have the sole control of the yard, though he added, that *Winslow* was often in the yard, and that he had frequently heard both *Winslow* and the plaintiff say, that they built the vessel together. He further testified, that the vessel was about 250 tons, and that it was worth $12 per ton to build her — that there was a number of items of extra work and labor not belonging to the contracts (hereafter stated) but relating to the completion of the vessel, which he knew to be performed by the plaintiff, amounting to $——— which he considered the plaintiff entitled to beyond the $12 per ton.

Marshall *v.* Jones.

The plaintiff also called one *Sibley* as a witness who testified, that he was present when the plaintiff and defendant were together at *Robbinston*, at the time of the service of the plaintiff's writ, while the defendant was under arrest — that they talked of settling the claim sued — that the defendant made no objection to it, and offered to pay it by giving his own notes payable annually for the whole amount — but the plaintiff objected to taking the defendant's notes without an endorser. In this conversation the witness further said, that *Winslow's* name was not mentioned, nor any thing said about a suit that had been brought in the Province of *New Brunswick* against the defendant, nor any thing about the form of the action.

In defence, the defendant produced a written contract, dated *Aug*. 23, 1828, signed by the plaintiff and one *Abner Winslow* on the one part, and by *Francis Jones & Co.* of the other part, for building a vessel, similar in its description to the one which was built. Also another contract, dated *Nov*. 27, 1828, containing some modification of the former contract.

The counsel for plaintiff contended that it was not competent for the defendant to set up the contract introduced by him, in bar of this action, or to defeat it, inasmuch as he had never performed his part of it by paying the money for the vessel ; and that the work having been proved to have been done by the plaintiff, and the defendant having received the vessel, he was bound to pay the plaintiff in the same manner as though there had been no such written contract.

It was stated by defendant's counsel in the opening of his defence, that the plaintiff and *Winslow* had formerly commenced an action against *Jones & Co.* in the Province of *New Brunswick* which was carried to the superior Court and then settled by *Winslow* with *Jones*.

The plaintiff's counsel relied on the facts as testified to by *Sibley* after said supposed settlement in *New Brunswick*, as evidence of a severance.

*Weston J.* before whom the cause was tried, instructed the jury, that if *Winslow* was jointly concerned with the plaintiff in building the vessel, he should have been joined, and that the action could not be maintained in the name of the plaintiff alone,

unless there had been a *severance* of the plaintiff's claim from their joint claim by a settlement between the defendant and *Winslow* of *Winslow's* part. That how the suit brought by *Marshall* and *Winslow* was arranged or settled did not appear, or whether *Winslow* had received payment or not, or whether if he had, it was of all due to them jointly or for his own part alone;—and that the offer on the part of the defendant, as testified to by *Sibley,* to give his notes to the plaintiff, could not be regarded as sufficient evidence of a severance of the cause of action, if it was an offer of compromise made without reference to the form of action, or to procure his liberation from arrest. The jury, under these instructions, returned a verdict for the defendant, which was taken subject to the opinion of the Court upon their correctness.

*Allen,* for the plaintiff.

*Hobbs,* for the defendant.

The opinion of the Court was delivered by

PARRIS J.—It is competent for a defendant, in an action founded upon contract, to shew in defence that there are other persons than the plaintiff interested in the subject matter in litigation, and who ought to be joined as plaintiffs in the suit.—It is not necessary to plead such matter in abatement, but it will defeat the action if proved, as it may be, under the general issue, in any stage of the proceedings. The plaintiff has declared in general *indebitatus assumpsit* for money had and received, work and labor performed and money paid, laid out and expended.

No proof was offered in support of the first and third counts, and the only proof introduced by the plaintiff in support of the second count, for work and labor, was the testimony of a witness who labored in a ship-yard on a vessel built by the plaintiff, and who testified that the plaintiff appeared to have the sole control of the yard. This vessel the defendant received, and, as he contends, under a written contract made with the plaintiff and one *Abner Winslow,* and that if he is answerable at all, it is under the contract, and not on a general count for work and labor;—it is to *Marshall* and *Winslow* jointly, and not to the plaintiff.

To prove that *Winslow* ought to have been joined as plaintiff,

Marshall *v.* Jones.

the defendant offered the written contract which purported to be executed by the plaintiff and *Winslow* on the one part, and by the defendant on the other, for building a vessel similar to the one which was built; and also another contract signed subsequently by the same parties, containing some modifications of the former contract.   It also appeared from the testimony of the plaintiff's witness that he received some pay for his labor from *Winslow*, who was often in the yard; — and that both *Winslow* and the plaintiff said, frequently, that they built the vessel together.   The plaintiff contends that, inasmuch as the defendant has not fulfilled the written contract on his part by paying for the vessel, he can-not make use of it in defence.

But we are not aware of any principle or authority by which such a position can be sustained.   The parties, having entered into a special contract are to be governed by it, and the law will enforce its execution, and look to it for the rule of damages, in case either party fail to fulfil it.   Where the terms of the special contract are performed, general *indebitatus assumpsit* will perhaps lie, but the special contract is not thereby necessarily excluded. If by that the damages are stipulated, the law will hold the par-ties to their own estimate.   The special contract is not to be in-fringed by a resort to the general counts.   The defendant may use it to show that the plaintiff has not performed the contract on his part, and thereby defeat the action on the general count.   He may use it to shew that he is liable to others, as well as the plain-tiff, for the damages sought to be recovered, and thereby defeat the action for want of proper parties; or he may introduce it as evidence that the parties have agreed upon the rule of damages, and thereby prevent the recovery of any greater sum than that specified in the contract.   Where there is a special contract, the plaintiff cannot recover in *indebitatus assumpsit*, the stipulated price, unless there has been a complete performance on his part; — nor then, if by such recovery the terms of the contract would be infringed.

The ruling of the Judge in receiving the written contract as evidence was undoubtedly correct; and by that contract, as well as by the testimony of the plaintiff's witness, it is manifest that *Winslow* was jointly interested with the plaintiff, and ought to

have been joined, unless there had been a severance of the plaintiff's claim from the joint claim by a settlement between the defendant and *Winslow* of *Winslow's* part. Of that there was no evidence. The plaintiff's statement on the trial, that he and *Winslow* had formerly commenced an action against the defendant in the Province of *New Brunswick*, shews that the claim was then considered joint, and that it was necessary to prosecute in the name of both; and the additional statement that the action was settled by *Winslow* with the defendant, if proved, would not amount to a severance, unless it appeared further that the defendant paid *Winslow* his share of the demand only, and that the balance, to which the plaintiff was entitled, remained unpaid. The case does not shew that to have been the fact. The offer to settle, while the defendant was under arrest on mesne process in this action, is no evidence of severance. It does not appear that he knew that the suit was in the name of the plaintiff alone;— and if he did, the offer on his part is to be regarded as a proposition to buy his peace, and not to be used as evidence in determining his legal rights. There must be

*Judgment on the verdict.*