Dav, C. J.
The original suit in this case was brought February 15, 1864, in the Superior Court of Cincinnati, under the provisions of the water-craft law of this state, against the steamboat Prairie Bose, to recover for the hire of the barge Mary Jane, from January 2 to July 22, 1863, at ten dollars a day, amounting to $2,020.
The defendant answered, denying the allegations in the petition; and, among other defenses, set up that the barge was hired by the-owners of the steamboat in August, 1862, to accompany the boat from Cincinnati to Evansville, Indiana; that the barge was left there in September of the same year; that the boat was subsequently sold to the present owners, who had no notice of any claim against the boat for the hire of the barge; and that on the first day of January, 1863, the plaintiff brought a suit in said Superior Court against the defendant, for the hire of the barge from the time *it was originally received by the defendant to the commencement of the suit, embracing all the time the barge was used by the defendant, and recovered a jhdgment therefor, which has been paid.
The plaintiff replied, denying that the barge was hired to accompany the boat from Cincinnati to Evansville, and alleges that the barge was hired August 13,1862, at ten dollars a day, until it was delivered back in Cincinnati in like good order as received.
The plaintiff, in his reply, further says “ that he admits that he has received all but a small balance for the hire of said barge, from the 13th day of August; 1862, until the first day of January, 1863, but claims by and under said agreement there is still due to him the sum stated in his said petition, and for the amount at the rate of’ ten dollars per day, as therein specified.”
*437 It appears from the bill of exceptions that the plaintiff sought to recover in this case on the following contract:
“ Cincinnati, August 13, 1862.
“ I have this day hired barge Mary Jane, of Albert Stein, for the sum of ten dollars per day, until delivered back in Cincinnati, in like good order as received.
“ Geo. W. Cox, Gapt.,

“ For steamer Prairie Bose and owners

It also appears that the action brought January 1, 1863, upon which there was a recovery as stated in the answer, was founded solely upon the same contract; and the present case was brought for the barge hire that accrued under the contract from the date of the former suit to the time when the plaintiff repossessed himself of the barge.
The plaintiff recovered a judgment for $2,412.45. The case was taken by proceedings in error, on the part of the defendant,' to the Superior Court at general term, where the judgment was reversed, and a final judgment was rendered in favor of the defendant.
The case is brought into this court by petition in error, to reverse the judgment of the Superior Court at general term, *for the reasons, that the court erred in reversing the judgment rendered at special term, and in rendering final judgment in favor of the defendant, instead of remanding the case to the special term for further proceedings.
The first question presented for consideration is, whether there was error in the judgment rendered at special term. The view we entertain of the case renders it unnecessary for us to consider but one of the grounds urged in the argument for the. reversal of that judgment.
It is shown by the record that the original action in this case, and the action between the same parties previously brought, were both founded on the same contract. It is well settled that if this is an entire and not a divisable contract, the plaintiff exhausted his remedies by the first suit, and can not sustain another action thereon. Hites v. Enos, 13 Ohio St. 283; Bendernagle v. Cocks, 19 Wend. 207; Fish v. Folley, 6 Hill, 54; Secor v. Sturgis, 16 N. Y. 554; Logan v. Coffrey, 30 Penn. St. 196.
Here the principal question in the case arises — whether the contract was entire or divisible. The consideration furnished by the *438 plaintiff to the defendant was entire; it consisted of the delivery of the barge to be used until returned. There being no suggestion of divisibility in the consideration for the contract, is there any in the promise made thereupon by the defendant? The undertaking of the defendant is not fully expressed in the instrument executed on its behalf. It is, therefore, to be construed so as to effect the true meaning of the parties; and this is to be gathered from the writing, in the light of the circumstances under which it was made. We think that the parties understood the writing as obligating the defendant to return the barge to Cincinnati; and to return it in as good order as it was in when received; and, when so returned to pay for the use thereof at the rate of ten dollars per day. It surely could not have been contemplated by them, that there should be-remitted to the plaintiff, at Cincinnati, ten dollars daily from the boat wherever it might be, nor that the plaintiff should follow the boat and make such daily collections. Such a literal construction of the contract would lead, not only to the necessity of such daily ^payment to the more absurd perpetual per diem liability in case it became impossible to return the boat. The parties must have contemplated the redelivery of the boat, and that the sum due for the hire should then be paid. But no time is mentioned in the contract when the barge should be returned. Doubtless this was omitted for the reastfn that it could not be told how long it would take to make the contemplated trip, or complete the service for which the barge was hired. The law, however, will imply — -just what the parties clearly intended — that the barge was to be returned at such time as would be reasonable under the circumstances attending the transaction. We think that this is the true construction to be given to the contract, and is one that would harmonize with the meaning of the parties, and secure justice to each of them. It gives to the plaintiff a full remedy under it, whether it be for the hire of the barge, or for injuries it might receive, or for the value of the barge on failure of its return.
Upon the construction we have given to this contract, we do not see how anything more can be claimed for it, than that it should stand upon the same principles that it would if a definite time had been expressed in it for the return of the barge. The authorities in like cases most clearly rebut the claim that the insertion of the *439 per diem rate was intended to divide the contract and warrant a suit at the end of each day.
In Larkin v. Buck, 11 Ohio St. 561, it was held that a promise to work six months, certain, at eleven dollars per month, is an entire contract, and the sum is payable only at the end of the time, and upon performance of the full amount of labor.
The sole object of the reference in such cases to separate days or months, is to provide a convenient mode of ascertaining the amount of the compensation to be paid under the contract, and is not for the purpose of dividing it. To this effect is the case of Hutchinson v. Wetmore, 2 Cal. 310, where an agreement to labor eight months at $100 per month, was held to be an entire contract, although at the end of four months the plaintiff was by the contract entitled to a note for the ^amount of service then rendered, payable at the end of eight months.
It is claimed in this case that payment was to have been made at the end of each day. A similar argument in Davis v. Maxwell, 12 Met. 290, was replied to as follows: “ The plaintiff has argued that it was a contract for seven months, at twelve dollars per month, to be paid at the end of each month. But however reasonable such a contract might be, it is not, we think, the contract which is proved. There is no time fixed for the payment, and the law, therefore, fixes the time, and that is, in a case like this, the period when the service is performed.”
In White v. Brown, 2 Jones, N. C. 403, a contract “to pay for three slaves, ten dollars per month, until we finish our contracts on the railroad,” was held to be an entire contract. Speaking of the construction to be given to the contract, it is said in that case, that “ as it stands, the more obvious meaning of the expression is, that the whole amount which the defendants were to become liable to pay, was to be ascertained by calculating for the whole time at that rate per month. As the term of service was left indefinite, this was essential to enable the parties to determine how much one was to receive and the other to pay.”
And in Cunningham v. Jones, 20 New York, 486, a contract to build a house by “ day’s work,” without agreement as to the sum to be paid or time of performance, was held to be an entire contract.
In Shaffer v. Lee, 8 Barb. 412, a bond conditioned to furnish the obligee a support during life was held to be an entire contract, and *440 that a failure to provide for him, in accordance with the substance and spirit of the contract, amounted to a total breach.
In Fish v. Folley, 6 Hill, 54, where, on a contract to furnish water from a mill-dam, to carry a mill for an indefinite period, a recovery had been had for a breach of the contract, in totally failing to supply the water — as in this case there was a total failure to return the barge — it was held, that to allow a recovery in a subsequent action for the continued failure to supply *water, “ would be splitting up an entire cause of action, in violation of established principles.”
If the theory advanced by the plaintiff is correct, he was not bound to bring &■ single suit as he did in this case, but might have brought over two hundred separate suits, each for ten dollars, and before as many magistrates as he might choose to select. No such result could ever have been contemplated by the parties. The more reasonable construction is that which we have given to the contract.
The barge was to be returned in a reasonable time. The plaintiff, if the contract were entire, was entitled to receive his barge and money at the same time. If the barge were not returned upon demand, in a reasonable time, it would be a breach of the contract for its return. The right of the party in such case is not to exact the ten dollars a day perpetually, but to charge at that rate for a reasonable time, and to collect the value of the bai’ge; and by suing in January, 1863, he in effect averred that the reasonable time had expired, and the whole debt became due.
Holding, as we do, that the contract on which the action is based, is an entire and not a divisible contract, it follows that the action was barred by the former recovery thereon, and that the judgment at special term was properly reversed by the court at general term.
It remains to be considered, whether, after having reversed the judgment, the court erred in proceeding to render final judgment in favor of the defendant, instead of remanding the case to the special term for further proceedings.
By the 17th section of the “ act to establish the Superior Court of Cincinnati,” the court at general term is empowered to reverse, vacate, or modify a judgment rendered at special term, and “ to render such judgment as should have been rendered at special term, or remand the cause to the special term for judgment; and upon such judgment execution may issue, as upon original judgments.” S. & C. Stat. 390.
*441 TJnder this section there was no want of power to render final judgment in a proper case for the exercise of that power. Unless the record shows that such judgment was in some measure prejudicial to the rights of the party against whom *it was rendered, a reviewing court could not find that the power was unwarrantably exercised. This the record does not show; so far from it, on the other hand, it shows that the same judgment was rendered that should have been entered at special term, and that, in no event, •could any other judgment be properly rendered, whether at special •or general term.
It clearly appears from the record that both suits were brought upon the same contract; indeed, this is shown by the pleadings .alone in the present case. The answer sets up a recovery for the use of the barge during all the time it was used by the defendant. This is not denied by the plaintiff; but he alleges, in his reply, that the barge was hired at ten dollars a day, from August 13,1862, -until returned, in good order as received; and he admits that he has received nearly all his pay for the hire of the barge until January 1, 1863, but claims that, “by and under said agreement, there is still due to him the sum stated in his said petition;” for which judgment is prayed. Thus, by the pleadings, it is shown that this suit was based on a contract upon which there had been a former recovery. This is placed beyond dispute by the bill of exceptions. We have shown that the former judgment was a bar to a recovery in this. Nothing, therefore, could have been gained by the plaintiff if the cause had been remanded to the special term; for, upon the pleadings as they stood, that court must have rendered judgment against him; and, from the facts disclosed in the bill of exceptions, it appears that no amendment could be made that would, in any event, entitle the plaintiff to recover on the cause of action on which the suit was founded. There was then no error by the court, at general term, in proceeding to render such final judgment in the case as should have been rendered at special term. It follows that the judgment of the Superior Court at general term must be affirmed.
White, Welch, Brinkerhoee, and Scott, JJ., concurred.