## Fullmer *v.* Poust, Appellant.

*Severable contracts—Consideration—Mechanic's lien—Equitable title.*

If the part of a contract to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by the law, such a contract will generally be held to be severable. But if the consideration to be paid is single and entire, the contract must be held to be entire, although the subject thereof may consist of several distinct and wholly independent items.

Plaintiff agreed to sell and convey to defendant a lot for two hundred dollars payable on or before Nov. 15, 1890. In the same paper he also agreed to build on the lot a house for the further consideration of two hundred and fifty dollars, payable fifty dollars within thirty days, and the residue on May 15, 1891. The consideration for the lot was paid within the time specified, and shortly thereafter a deed therefor was executed and delivered. The payments on the building contract not having been promptly made, plaintiff, within the time required by law, filed a mechanics' lien against the house. *Held*, that the building covenant was severable from the contract to convey the lot, and that plaintiff was entitled to enforce his lien against the building for the balance due him under the contract for the erection of the house.

Argued April 11, 1893. Appeal, No. 72, Jan. T., 1893, by defendant, Jemima S. Poust, from judgment of C. P. Columbia Co., Sept T., 1891, No. 153, on verdict for plaintiff, J. D. Fullmer. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Scire facias sur mechanic's lien.

At the trial, before IKELER, P. J., plaintiff offered in evidence an agreement in writing which was as follows:

" This agreement made the 13th day of August, A. D. 1890, between J. D. Fullmer, of Benton, Columbia Co., Pa., of the first part and Jemima S. Poust, of Hughesville, Lycoming Co., Pa., of the second part:

" Witnesseth, that the said party of the first part for the consideration hereinafter mentioned, do hereby for his heirs, executors and administrators, covenant, promise and agree with the said party of the second part, their heirs and assigns, that the said party of the first part shall and will, on or before fifteenth of November, 1890, at the proper costs and charges of the said party of the first part, their heirs and assigns, by a good and sufficient deed of conveyance, grant, convey and assure unto the said party of the second part, her heirs and assigns, the said party of the first part doth agree to sell unto the party of the second part a certain piece of land or lot situate in the town of Benton, county of Columbia, Pa., known as lot No. 13 on new street near R. R., for the consideration of two hundred and fifty dollars to be paid at time and date above mentioned, and party of the first part doth agree to erect a building or house on said lot 18 × 28, two stories high, with four rooms up stairs, two down stairs, with pantry and bedroom if thought proper by party of second part, together with all and singular the buildings and other improvements and appurtenances thereto belonging. And the said party of the second part for her heirs, executors and administrators, do hereby covenant, promise and agree with the said party of the first part, his heirs and assigns, that the said party of the second part shall and will well and truly pay unto the said party of the first part, his heirs and assigns, the sum of two hundred and fifty dollars to be paid on said date above mentioned. And the party of the second part doth agree to pay to the party of the first part fifty dollars within thirty days from the date of this article on said house, the balance to be paid on the fifteenth day of May, 1891, and also the fifteen dollars for the well at the date above mentioned on house."

On Feb. 3, 1891, plaintiff executed and delivered a deed for the lot with all the tenements, hereditaments and appurtenances. On May 8, 1891, plaintiff filed a mechanic's claim against the

house, which was finished Dec. 27, 1890. On July 3, 1891, plaintiff issued a scire facias.

Defendant's points were among others as follows:

" 1. That inasmuch as the article of agreement between the said parties dated August 13, 1890, provides that the plaintiff should erect the building or house mentioned in the mechanic's claim in this case on the said lot described in said agreement, which said lot was then and there owned by the said plaintiff ; and inasmuch as the said article of agreement provides that the said plaintiff should, on or before Nov. 15, 1890, convey the said lot with the said building or house finished and complete thereon, to the said defendant, by a good and sufficient deed of conveyance, the acts of assembly giving liens to mechanics for work and materials furnished in and about the erection of buildings, has no application and the plaintiff cannot recover." Refused. [2]

" 2. The defendant not being bound to take said house off the hands of the plaintiff, or accept of the deed of conveyance, until the plaintiff had performed his part of the contract by finishing the said building according to the specifications contained in said agreement, the said plaintiff was, at the time of the date of the said agreement, and was to be, the owner, architect and builder, in the erection of the said building ; and the acts of assembly giving liens to mechanics, etc., could have no application, and the plaintiff cannot recover." Refused. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were, (2, 3) instructions, quoting them.

*Robt. R. Little, E. H. Little* with him, for appellant, cited : Story, Sales, pages 180–1; Bayler v. Com., 40 Pa. 37.

*Charles G. Barkley, John F. Harkins* and *A. L. Fritz* with him, for appellant, cited: Lucesco Oil Co. v. Brewer et al., 66 Pa. 351 ; Scott v. Kittanning Coal Co., 89 Pa. 231 ; Graver v. Scott, 80 Pa. 88 ; Morgan v. McKee, 77 Pa. 228 ; Stoffer v. Coleman, 1 Yeates, 393 ; Irvine v. Campbell 6 Bin. 118 ; Wingert v. Stone, 142 Pa. 258.

PER CURIAM, May 1, 1893 :

While the plaintiff's agreement to sell and convey the lot to

defendant for two hundred dollars, payable on or before November 15, 1890, and his covenant to build thereon for her a house, of the size, etc., therein specified, for the further consideration of two hundred and fifty dollars, payable, fifty dollars within thirty days, and the residue on May 15, 1891, etc., are written on the same paper, they do not necessarily constitute an entire contract. The former is so distinct from the latter, as to time of payment, etc., that they may well be treated as severable. If the part to be performed by one party consists of several and distinct items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by the law, such a contract will generally be held to be severable. But, if the consideration to be paid is single and entire, the contract must be held to be entire, although the subject thereof may consist of several distinct and wholly independent items : 2 Parsons, Cont. 29, 31 ; Lucesco Oil Co. v. Brewer, 66 Pa. 351 ; Scott v. Kittanning Coal Co., 89 Pa. 231 ; Graver v. Scott, 80 Pa. 88 ; Morgan v. McKee, 77 Pa. 228. The distinction is clearly pointed out by the late Mr. Justice WILLIAMS in Lucesco Oil Co. v. Brewer, supra.

The consideration for the lot was paid within the time specified in the contract, and, shortly thereafter, upon urgent demand of the defendant, the deed therefor was executed and delivered. The payments on the building contract were not all promptly made, and, within the time required by law, plaintiff filed a lien against the house, etc., and afterwards issued this scire facias thereon.

The contract to sell and convey vested in defendant an equitable interest in the lot, on which a mechanic's lien would attach. That equitable interest was enlarged into a fee by conveyance of the legal title ; and the building covenant being severable from the contract to convey the lot, the plaintiff was clearly entitled to enforce his lien against the building, etc., for the purpose of collecting balance due him by defendant under the contract with her for erection of the house.

The specifications of error do not require special consideration. Neither of them is sustained.

Judgment affirmed.