## MEEK v. DAUGHERTY.

No. 2121, Okla. T.  Opinion Filed September 9, 1908.

(97 Pac. 557.)

1.  **APPEAL AND ERROR—Prejudicial Error—Admission of Evidence.**  The admission of incompetent and immaterial evidence, that appears to have prejudiced the substantial rights of the party objecting to the admission thereof, is reversible error.

2.  **CONTRACTS—Full Performance—Necessity For.**  One who seeks to recover the entire contract price for the construction of a wall, under a contract by which the completion of the wall was a prerequisite to the rights of the party bringing the action to receive payment of the contract price, must show full performance of the contract before he is entitled to recover.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County; B. F. Burwell, Judge.*

Action by Marcus Daugherty against Mary A. Meek for the contract price for the construction of a wall.  Judgment for plaintiff, and defendant brings error.  Reversed and remanded.

*Wood & Williams,* for plaintiff in error.
*J. H. Woods* and *S. A. Sheldon,* for defendant in error.

HAYES, J.   On the 27th day of April, 1901, Marcus Daugherty and Mary E. Meek, owners, respectively, of lots 6 and 7 in block 25 of Choctaw addition to the city of Shawnee, entered into a contract whereby it was agreed that a stone wall should be built at once on the boundary line between their said lots.  Marcus Daugherty, defendant in error, proceeded immediately to construct a wall as provided in the contract; but, before he had completed it, it fell and crumbled, so that the material therein was not fit for use, and was removed by plaintiff in error, who rebuilt the wall.  Plaintiff in error refused to pay her part under the contract

for the construction of the wall built by defendant in error, and defendant in error brought this action to recover the contract price for the construction of the wall. Defendant in error, who was plaintiff below, in his petition sets out the contract in full, and alleges that he constructed and completed the wall therein described in accordance with its terms, and prays judgment for the amount agreed in the contract to be paid by defendant for her interest in the wall. Defendant, as her answer to plaintiff's petition, made a general denial, and under the issues thus formed the case was tried before the court without a jury, who found in favor of plaintiff, and rendered judgment for the sum of $168.39.

The contract is not without ambiguity and it is not at all clear, from the language therein, which of the parties thereto was to do the work of building the wall, or whether it was to be done by both parties; but counsel for both parties in their briefs before this court have treated the contract as providing that plaintiff was to construct the wall, and that defendant, for her interest therein, agreed to pay to plaintiff, when the wall was completed and delivered in accordance with the terms of the contract, $12\frac{1}{2}$ cents per cubic foot for one-half the number of cubic feet in the completed wall, and that defendant's contract was for a completed wall of the kind and to be constructed of the material described in the contract. It also appears from the record that it was upon this construction of the contract by both parties that the case was tried in the court below, and we shall adopt that construction of it which has been given to it and acted upon by the parties thereto.

The uncontroverted evidence is that the wall was never completed by plaintiff. Plaintiff himself admits that the wall was not completed. After this fact had been established by the evidence, plaintiff then undertook and was permitted, over the objection of defendant, to introduce evidence to the effect that at the time he was constructing said wall there was standing on defendant's lot a frame building that stood close against the wall being constructed by him, and that before he had completed said wall a

heavy rain fell, and that the rain from the roof of defendant's said frame building poured upon the fresh and unfinished wall and caused the same to fall and crumble. By this evidence plaintiff endeavored to excuse himself from a full performance of the contract upon which he brought this action, and sought to recover the contract price for the full performance of same. The introduction of this evidence is one assignment of error relied upon for a reversal of this case.

We think this evidence was not admissible under the issues formed by the pleadings. Plaintiff did not seek by his suit to recover on *quantum meruit*. He alleges a full performance of the contract, and seeks to recover the contract price. Defendant denied a full performance of the contract. There are no allegations for a *quantum meruit* recovery, and that issue is not presented by the pleadings; and the admission of evidence tending to excuse plaintiff from the full performance of. the contract was not in support of any issue formed by the pleadings and was therefore error. While the case was tried before the court without a jury, the record discloses such facts as lead us to conclude that this error was prejudicial, for there is a failure of proof by plaintiff to support his rights for recovery of the contract price, and the finding of the court in favor of plaintiff was evidently influenced by this evidence. It is so indicated by the record, which contains the following entry as to the finding of the court:

"On the 31st day of March, the court rendered its decision in favor of plaintiff and against defendant, assessing plaintiff's damages in the sum of $168,39, with interest at 7 per cent., and costs of the action."

There is no evidence that the wall was ever completed, or that same was ever accepted by defendant in its uncompleted condition; but, on the contrary, it clearly appears that the wall and the material therein were never used by defendant. She afterwards rebuilt the wall, but did so out of different material, and after she had removed from the premises the material in the crumbled

wall. The entry of the court's finding indicates that the court was misled by this incompetent evidence, for in finding for plaintiff the court assesses plaintiff's "damages," when this is not an action for the recovery of damages, and the finding of damages for plaintiff by the court evidently must have resulted from the impression made upon the court by this evidence that plaintiff would be entitled to recover damages for the destruction of the wall resulting from the rain pouring thereon from defendant's building; but that was not an issue in this case, and without amendment of plaintiff's petition, alleging facts entitling plaintiff to recover on *quantum meruit,* or to recover damages for destruction of his wall by the water pouring from defendant's building, this evidence was inadmissible. It appearing that the admission of this evidence was prejudicial to the substantial rights of the defendant, over whose objection it was introduced, the judgment of the trial court should be reversed. *Shepherd v. Allen,* 16 Kan. 182; *Tobin v. O'Brieter,* 16 Okla. 500, 85 Pac. 1121.

This case should be reversed, also, for the further reason that the finding and judgment of the trial court is not supported by the evidence. As we have hereinbefore stated, the theory upon which plaintiff seeks to recover in his petition is upon an entire contract for the complete performance thereof, and yet, under his own admission, the contract was never completed; and it is the well-settled rule of law that there can be no recovery on a contract to do an entire piece of work for a specific sum unless the work is performed. *Huyett & Smith Mfg. Co. v. Chicago-Edison Co.,* 167 Ill. 233, 47 N. E. 384, 59 Am. St. Rep. 272; *Norris v. Harris,* 15 Cal. 226; *Dermott v. Jones,* 23 How. 220, 16 L. Ed. 442.

For the reasons herein stated, the judgment of the trial court is reversed, and the cause remanded.

All the Justices concur.