## DAVIDSON v. GASKILL.

### No. 1628. Opinion Filed February 6, 1912.

### (121 Pac. 649.)

CONTRACTS—Work and Labor—Entire or Severable Contract—Performance—Recovery on Quantum Meruit. G., a member of the bar and an expert stenographer and clerical man, contracted to go into D.'s office and do the stenographic and clerical work from July 1st up to statehood, and was to receive one-half of the net fees earned by the office as his compensation. In September he took sick and left the office, during which time he furnished stenographic help at his expense. He returned shortly afterwards, and remained until October 26th, when he left the office and did not return until after statehood, the work he was employed to do being done in the meantime by D. working night hours and Sundays, and by stenographers paid for by D. After the term, G. sues D. on the contract for one-half of all net fees earned by the office, Held:

(a) Such contract was entire and indivisible, and not severable or apportionable.

(b) Said contract was not fully performed.

(c) The suit being on an entire and indivisible and not on a severable or apportionable contract, plaintiff was not entitled to recover.

(d) Sickness in the absence of a provision in the contract to the contrary will not authorize a recovery upon an entire and indivisible contract not performed.

(e) Where services have been performed under such a contract and the benefits accepted by the employer, the employee may sue on quantum meruit and recover the reasonable value of the services rendered, such action being subject to the defendant's rights for the breach of the contract.

(Syllabus by Robertson, C.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by J. F. Gaskill against A. A. Davidson. From a judgment for plaintiff, defendant brings error. Reversed.

*Geo. S. Ramsey,* for plaintiff in error.

*Wm. T. Hutchings* and *Wm. P. Z. German,* for defendant in error.

Opinion by ROBERTSON, C.  This was an action to recover money alleged to be due on a contract made and entered into by the parties hereto on or about June 24, 1907.  The petition shows:  That at said date Davidson had been appointed master in chancery, probate commissioner, and referee in bankruptcy of the United States Court for the Western Judicial District of the Indian Territory, sitting at Muskogee, by Hon. William R. Lawrence, judge of said court, and that he acted as such master in chancery, etc., from said date of appointment up to the time of the admission of the Indian Territory and Oklahoma into the Union as the state of Oklahoma, to wit, November 16, 1907.  That soon after said appointment Gaskill, who will hereinafter be referred to as plaintiff, entered into a verbal contract, the terms of which were, in substance, as follows:  Plaintiff was to enter the office of defendant and render him general assistance in conducting the business of his said office as such master in chancery, etc., to take and transcribe stenographic notes of testimony introduced at the hearing of cases before defendant as such master in chancery, etc., and attend to the duties of general office stenographer and clerk in the office of said defendant, and bear one-half of the expenses of maintaining said offices and of proper handling of the work in connection therewith.  In consideration thereof defendant was to turn over and pay to plaintiff a sum equal to one-half of all fees, perquisites, and emoluments received by him as such master in chancery, etc., and the duties, obligations, and liabilities of the parties should begin July 1, 1907, and continue to accrue until the date of the admission of Oklahoma into the Union. Plaintiff alleged that he duly, promptly, and faithfully performed each and every term, obligation, and condition imposed upon him by the terms of the said contract, either personally or through others employed for that purpose, who satisfactorily and properly rendered and performed all services required and contracted for under said contract, and whose services were performed and accepted by defendant, pursuant to the terms of said contract and within the time required thereunder; that his share

of the proceeds of said offices from the 1st day of July to the 16th day of November was $3,880, of which sum $1,880 had been paid; that there was due plaintiff from defendant under the terms of the contract the sum of $2,000. Plaintiff further alleged that after his duties under said contract had been performed, and after the admission of the state of Oklahoma into the Union, he made demand of defendant for the amount due, but defendant refused, and still refuses, to pay any part thereof. Defendant answered, and, in addition to a general denial, alleged that he had paid plaintiff all claims and demands arising out of said agreement as therein set forth. By agreement of parties the cause was referred to Hon. R. C. Allen, as referee, with instructions to report his findings of fact and conclusions of law, which was done, his report being filed July 6, 1909, the recommendations of which were that judgment should be rendered in favor of plaintiff in the sum of $546 and interest. Defendant filed a motion to set aside the report of the referee and for a new trial, and also filed exceptions to the conclusions of the referee, all of which were overruled and denied by the court, and judgment was entered in accordance with the recommendation of the referee. From this judgment defendant appeals, and assigns four propositions, upon which he asks for reversal of said judgment, namely: First. The contract between the parties was entire and indivisible. Second. The contract was not fully performed. Third. The suit being on an entire contract, not fully performed, the plaintiff was not entitled to a judgment. Fourth. If the contract be not entire, but severable, the plaintiff has been paid. The defendant in error raises no other points, but in arguing the case discusses together the third and fourth propositions, and the second and third propositions.

In order to clearly understand the issues, it is necessary to know what the contract was. Plaintiff in error, without objection from the defendant in error, has set forth the contract in his brief; the same being as follows:

"The Contract. The contract between the parties was not reduced to writing, but, briefly stated, is as follows: That the

plaintiff below, being a member of the bar and an expert steno-grapher, and having had one year's experience in the defendant's office as master of chancery, probate commissioner, and referee in bankruptcy in the United States Court for the Northern Ju-dicial District of Indian Territory, was employed by the de-fendant to perform and conduct the stenographic and clerical work in the same office held by the defendant in the United States Court for the Western Judicial District of Indian Terri-tory for the period from July 1, 1907, to the admission of Okla-homa as a state. The compensation agreed on was that the de-fendant should pay the plaintiff one-half of the net fees of the office during said period of time, the plaintiff to pay one-half of the total expenses; that, should the employment of other help be necessary, the compensation of such other help should be consid-ered as office expenses, to be borne by plaintiff and defendant equally, which agreement was later modified so that the com-pensation of such persons as it might be necessary to employ to help in the work should be charged to and paid by the plaintiff himself."

Was this an entire and indivisible contract? We think it was. Plaintiff, by his own pleadings, alleges full performance of all precedent conditions, and thereby practically admits that defendant's obligation to pay is conditioned upon plaintiff's per-formance in full of the terms and conditions of the contract. The referee in effect finds the contract to be as alleged by the defendant, and the rule is that, where one party contracts to do certain work and the other to pay a certain price for the same, the contract is entire. See *Meek v. Daugherty,* 21 Okla. 859, 97 Pac. 557, and cases there cited. In this case the plaintiff was to receive one-half of the net fees earned by the office, but it is clear that this amount could not be ascertained until the entire contract was completed on November 17, 1907. As is well said by counsel for defendant in error:

"It was possible to ascertain the receipts for any particular piece of business, but the net profits from the whole office could not be shown until the transaction was complete in all its de-tails, and finally closed, so that no more work would have to be done with reference to it."

In 2 Parsons on Contract (8th Ed.) p. 517, the author says:

"If the part to be performed by one party consists of several separate and distinct items and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will ·generally be held to be severable. * * * And, if the consideration to be paid is single and entire, the contract must be held to be entire, although the subject of the contract may consist of several distinct and wholly independent items."

In *Massey v. Taylor,* 5 Cold. (Tenn.) 447, 98 Am. Dec. 429, it was held that a person employed for a specified time, and for certain wages, and who is discharged by his employer for cause, cannot recover stipulated wages on the contract, but may recover on *quantum meruit* for the worth of his services to his employer, but not to exceed the contract price. In the case at bar no attempt is made to recover on *quantum meruit* or *quantum valebat,* but this is an action to recover on a special contract. In this case plaintiff relies on his sickness as excusing a strict compliance and completion of his contract, and claims that by reason thereof he should recover upon the contract itself, and not upon *quantum meruit,* and cites some authorities which apparently sustain that idea, but we believe the great weight of authority holds to the opposite view. Counsel for plaintiff in error cite *Huyett & Smith Mfg. Co. v. Chicago Edison Co.,* 59 Am. St. Rep. 282, where, in a note by Judge Freeman, it is said:

"Even conceding that an act of God does excuse nonperformance, we do not see that it authorizes a recovery upon a contract that has not been performed. Otherwise stated, an act of God, even if it does excuse nonperformance, does not entitle either party to a recovery for a part performance of the contract."

See, also, *Doster v. Brown,* 25 Ga. 24, 71 Am. Dec. 153, in accordance with the general rule heretofore stated, that, when one contracts for a specified sum to serve another for a specified period, he cannot recover anything either on his contract or on a *quantum meruit* for serving a less period, when he terminates his service without the fault or consent of his employer. In other words, there can be no recovery on an entire contract for

personal services until they have been fully performed. There are well-defined exceptions to this rule, but the case at bar does not come within the exception. *Hutchinson v. Wetmore,* 2 Cal. 310, 56 Am. Dec. 337; *Penna. Nav. Co., etc., v. Dandridge,* 8 Gill & J. (Md.) 248, 29 Am. Dec. 543; *Leopold v. Salkey,* 89 Ill. 412, 31 Am. Rep. 93; *Galvin v. Prentice,* 45 N. Y. 162, 6 Am. Rep. 58; *Jenkins v. Wheeler,* 37 How. Prac. (N. Y.) 458; *Coles v. Celluloid Mfg. Co.,* 39 N. J. Law, 326. In speaking of the sanctity of the contract, Mr. Justice Swayne, in *Dermott v. Jones,* 2 Wall. 8, 17 L. Ed. 762, says:

"It requires them to do what they have agreed to do. If inexpedient impediments lie in the way, and a loss must ensue, it leaves the loss where the contract places it. If the parties have made no provisions for a dispensation, the rule of law gives none. It does not allow a contract fairly made to be annulled, and it does not permit to be interpolated what the parties themselves have not stipulated."

What, then, constitutes an entire contract? In an exhaustive note found in 59 Am. St. Rep. 277, it is said an entire contract is indivisible. The whole must stand or fall together. *Norris v. Harris,* 15 Cal. 226. If the consideration is single, the contract is entire, whatever the number or variety of the items embraced in such. *Lucesco Oil Co. v. Brewer,* 66 Pa. 351; *Dibol v. Minott,* 9 Iowa, 403; *Fullmer v. Poust,* 155 Pa. 275, 26 Atl. 543, 35 Am. St. Rep. 881; *Rugg v. Moore,* 110 Pa. 236, 1 Atl. 320; *McClurg v. Price,* 59 Pa. 420, 98 Am. Dec. 356.

The entirety of a contract depends upon the intentions of the parties, as well as on the fact that the consideration is single, and the divisibility of the subject-matter, or the mode of measuring the price, does not affect the question. The covenants of an entire contract are, of course, material and dependent, and covenants are to be considered dependent or independent, according to the intention of the parties. The general rule of law gleaned from the cases is that, while a special contract remains open and unperformed, the one whose part of it has not been performed cannot recover for what he has done until the whole contract is completed. It is, however, an exception to the rule

that there can be no recovery on a contract to do an entire piece of work for a specified sum unless the work is done, and the exception is that if one has entered into a special contract to perform work for another, and the work is done, but not in the manner stipulated so that he cannot recover on the contract, yet, if the work is accepted and used and any benefit derived therefrom, a recovery may be had on a *quantum meruit* (*Hayward v. Leonard,* 7 Pick. [Mass.] 181, 19 Am. Dec. 26), and this rule that a party who has failed to fully perform his contract cannot recover for a part performance applies only to entire contracts such as the one sued on in this case, and not to severable contracts, which are in legal effect independent agreements upon different subjects, although made at the same time. If, therefore, this is an entire contract, and of that question there seems to be no doubt, then the full performance is necessary in order to warrant a recovery. There is no obligation to pay until the complete performance of the entire contract. *Crane v. Knubel,* 34 N. Y. Super. Ct. 443; *Id.,* 43 How. Prac. 389. Conditions precedent control over the equity of the case. *Maloney v. Rust,* 42 Conn. 236. It is a well-established rule that, if a party by his own contract creates a duty or imposes a charge on himself, he must under any and all conditions substantially comply with the undertaking. To excuse a performance of his contract he must provide for it. *Bacon v. Cobb,* 45 Ill. 47. He must do as he has contracted to do. *Summers v. Hibbard,* 153 Ill. 102, 38 N. E. 899, 46 Am. St. Rep. 872; *Anderson v. May,* 50 Minn. 280, 52 N. W. 530, 17 L. R. A. 555, 36 Am. St. Rep. 642; *Adams v. Nichols,* 19 Pick. (Mass.) 275, 31 Am. Dec. 137; *Harmony v. Bingham,* 12 N. Y. 99, 62 Am. Dec. 142.

Defendant in error contends that the action on the contract was properly brought, but in a way attempts to excuse its full performance by saying that he was prevented by sickness. An act of God or inevitable accident does not, as we understand it, excuse the nonperformance of a contract, wherein there is no provision made for such·contingencies, although it is otherwise as to a duty imposed by law (*Adams v. Nichols, supra*); but,

even conceding that his sickness precluded the performance of his contract, it certainly does not warrant a recovery on that part of his contract that has not been performed (*Huyett & Smith Co. v. Chicago Edison Co., supra*). We think there can be no question but that the contract is entire on both sides, and that there is no other standard of measurement by which plaintiff's pay, or rather his part of the profits, can be estimated, except by taking the whole income from the office on one side and the entire period of time covered by the contract on the other side. Then, this being an entire and indivisible contract, can we say from the report of the referee that it was fully performed? We think not. On the contrary, it is clearly shown that it was not fully performed. Findings 5 and 6 of the referee plainly show the contrary, as may be seen by an examination thereof.

"(5) The plaintiff entered the office of the defendant on July 1, 1907, as provided in the contract, and personally worked in said office until September 17, 1907, at which time plaintiff became ill and did not return to the office until October 14th or 15th; that after his return he worked intermittently at said office until October 26, 1907, at which time plaintiff left on account of his ill health, and did not return until after statehood.

"(6) That the services agreed to be performed by the plaintiff, or rather services performed by plaintiff before his departure on the 17th day of September, 1907, were after that time and until November 17, 1907, performed by the defendant by employing night hours and Sundays in the performance of such work, and by employing stenographers who were paid by defendant."

Also his conclusion of law No. 2, which is really a finding of fact:

"I further conclude that the plaintiff did not at any time voluntarily leave the defendant's office or willfully abandon it, but was forced on account of sickness to quit; that the plaintiff is entitled to one-half of the net income of the office from July 1, 1907, to November 16, 1907, which, deducting amount heretofore paid him, amounts to $546."

Davidson v. Gaskill.

The referee does not say that plaintiff performed his contract by substituting other persons in his place to do the work; on the contrary, there is no finding of fact on the subject, and under the law announced by the court in *Brooks v. Garner,* 20 Okla. 258, 97 Pac. 995, in the absence of a finding of such fact, the presumption would obtain that there was no evidence to support or justify such finding. Plaintiff contends, however, that he performed the conditions of his contract by substitutes whose work was satisfactory to, and accepted by, the defendant, but, as indicated above, there is no finding of such fact by the referee. On the contrary, the record shows that the defendant by working night hours and Sundays performed the work he had employed plaintiff to do. Another thing to be taken into consideration in this connection is the fact that plaintiff was a practicing lawyer and a member of the Muskogee bar as well as an expert stenographer; that he had prior to the date of this contract been employed by the defendant for about a year in similar offices, performing similar duties, at Tahlequah, Ind. T. It is reasonable to suppose that the defendant, being acquainted with the peculiar fitness, and skill and ability of the plaintiff, intended when he made the contract to secure the personal services of the plaintiff, and expected him to do, not only the stenographic work, but the clerical work as well, and to oversee the other work of the office. His services were of such character as the defendant had a right to rely upon being done personally, and not farmed out to be performed by substitutes, and we are bound to conclude that this was a contract for personal services. The finding of the referee above shows that plaintiff left defendant's office on September 17th, and did not return until the 14th of October; that thereafter he worked intermittently until October 26th, at which time he left on account of ill health, and did not return until after statehood. During this time his services were performed by the defendant by employing night work and Sundays in the performance of such work, any by employing stenographers who were paid for by the defendant. Under these facts, it is evident that the contract was

not fully performed, and the suit being on an entire contract, which had not been fully performed, the plaintiff ought not to have recovered in the action below.

"Where a plaintiff declares upon a contract and alleges full performance on his part, without any count upon a *quantum meruit,* he is bound to prove that he has fully performed the contract." (*Taylor v. Beck,* 13 Ill. 376.)

"A full and substantial performance by plaintiff must be shown before he can recover under the contract, for an entire contract cannot be apportioned in so far as it has been performed, and rescinded as to the residue." (*Johnson v. Walker,* 155 Mass. 253, 29 N. E. 522, 31 Am. St. Rep. 550.)

"We hold the law to be that, where there is a special agreement, the party who was to execute it must do so before he can recover anything. * * * It is a general rule of law that a contract must be performed according to the terms of the agreement before the party can have any right of action." (*Helm v. Wilson,* 4 Mo. 41, 28 Am. Dec. 336.)

"Where there is a special contract, the plaintiff cannot recover the stipulated price unless there has been a full performance on his part." (*Marshall v. Jones,* 11 Me. 54, 25 Am. Dec. 260.)

"Failure to comply with the terms of a special contract destroys the right to recover under the contract." (*Morford v. Mastin,* 6 T. B. Mon. [Ky.] 609, 17 Am. Dec. 168.)

"Where an action is brought upon a contract of this nature, the defendant has a right to require the plaintiff to prove the precedent performance on his part before he will be entitled to recovery, and the court will not countenance any departure from the rule which will allow a party to abandon his undertaking at pleasure and resort to a *quantum meruit* where a part only of the agreement has been performed." (*Eldridge v. Rowe,* 2 Gilman [Ill.] 91, 43 Am. Dec. 41.)

In this case, also, discussing the cases where a party has been allowed to recover for a partial performance, the court said:

"They are to be regarded as exceptions to the general rule, and that in such case the party must not sue upon the original agreement, as he cannot prove performance in full, but must resort to an action on the new agreement which the law implies, and recover upon a *quantum meruit,* or *quantum valebat,* what-

ever compensation he may reasonably deserve to have for his labor."

Counsel for defendant in error contends that this case is an exception to the general rule, that where there is a part performance of a contract of service, and the party is prevented by sickness from a full performance, the remedy is upon the contract itself, and not upon a *quantum meruit,* and cites some authorities which seemingly support that view, but the overwhelming weight of authority is against that view. The case of *Britton v. Turner,* 6 N. H. 481, 26 Am. Dec. 713, relied upon by counsel for defendant in error as sustaining their contention, while the law in New Hampshire, seems to be an innovation on the rules of the common law, and is followed by but few of the courts of this country. However, as we read that case, and the case of *Limerick v. Lee,* 17 Okla. 165, 87 Pac. 859, which is also relied upon as supporting the same idea, it is held that a party may recover for the actual work performed under a contract, although it has not been completed, but that the action must be, not on the contract, but on *quantum meruit.* If this was a severable contract, and the items apportionable, then the case of *Limerick v. Lee, supra,* might control, and Gaskill might be entitled to recover in the proportion which the work actually performed bears to the whole amount under the contract; but, it not being a contract of such character, it follows that he was not entitled to recover at all under the pleadings in this case, and, while there is no attempt to recover upon a *quantum meruit* upon a severable and apportionable contract, the facts show that, even though there had been such intent, the plaintiff had been paid more than was due him. The total fees earned by the office for the full term was $5,513, but inasmuch as plaintiff did not work the whole time, according to his testimony, as well as the report of the referee, therefore the rule of apportionment would entitle plaintiff to recover for that portion of the time he actually worked in proportion as the sum bears to the time agreed upon. He agreed to work until statehood, which was November 16th. One-half of the net profits of the office amounted

to $2,756.50. On a *quantum meruit,* under the above rule of apportionment, it is clearly apparent that he had already received more than he earned, or was entitled to receive. Therefore, no matter how we look at the case, it is clear that plaintiff ought not to have recovered in the court below, and the learned trial judge erred in refusing to sustain defendant's exceptions to the report of the referee.

Having reached this conclusion, it necessarily follows that the judgment of the district court of Muskogee county should be reversed.

By the Court: It is so ordered.