## FROEBE-BRISCO CONSTRUCTION CO. v. BOARD of COM'RS, GARVIN COUNTY.

No. 12520—Opinion Filed Feb. 10, 1925.

### 1. Appeal and Error—Disposition of Cause.

The evidence reasonably tends to support the verdict and judgment that plaintiff did not comply with the terms of its contract.

### 2. Contracts—Entire—Substantial Compliance Necessary.

A contractor, suing on an entire contract for a balance claimed to be due for concrete construction work, was not entitled to an instructed verdict for unused material and expenses of drayage and freight on same where the sole issue tried was whether he substantially complied with his contract.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Garvin County; W. L. Eagleton, Judge.

Action by Froebe - Brisco Construction Company against Board of County Commissioners of Garvin County. From judgment for defendant, plaintiff appeals. Affirmed.

Blanton & Andrews and Kelly Brown, for plaintiff in error.

Mac Q. Williamson and C. J. Moody, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court. Plaintiff, Froebe-Brisco Construction Company, entered into a written contract with defendant, commissioners of Garvin county, to furnish the material and labor for the construction of a number of concrete bridges and culverts in certain numbered sections in said county according to plans and specifications, made part of the contract. For certain units of the work, $19.50 per cubic yard was to be paid for concrete class A, including excavation; $18 per cubic yard for other concrete—one part cement and five parts native gravel—including excavation. For galvanized iron pipe and other materials, the price was specified. The contract further provided that the work was to be done under the direction and supervision of the county engineer and to his complete satisfaction, subject to his inspection at all times and in accordance with the laws of this state and with the plans and specifications. Pursuant thereto, plaintiff performed part of the work and received nearly $11,000 allowed and paid by the commissioners of said county with whom the contract had been made. Another county engineer was employed about this time by new commissioners elected in said county. The new commissioners and their engineer objected to all the work done and the quality thereof. The new engineer, Mr. Barry, went over the work and advised plaintiff that he would not accept any of the bridges and culverts because, in his opinion, they were not up to, and did not comply with the specifications. The commissioners refused to allow any further claims for said work, except one item of $48. Thereafter, plaintiff desisted from further performance of the work and sued for $6,428.06, claimed as a balance due for labor performed and materials furnished to that time. There was left on plaintiff's hands certain pipe and other unused material. Of said claim, $425 was for such material and the extra hauling and freight thereon. Plaintiff's suit is on the contract for balance due. The answer of defendant was a general denial. The court instructed the jury, in substance, that if plaintiff did the work according to the terms of the contract, the verdict should be for the plaintiff for the full amount claimed; that it was the theory of defendant that the work was not done according to the contract and was inferior

and worthless; that although the jury so found, yet the verdict should be for plaintiff if the jury found that the work was done according to the terms of the contract, and, e converso, for defendants, if not so done. Judgment on verdict was for defendant.

1. Plaintiff introduced considerable evidence to the effect that the mixture for all of the work was strictly according to the specified ratio of one part cement to five parts of native gravel; showed that the work had been approved by the former county engineer and state engineer, and otherwise supported its itemized statement of said balance. It showed that the said engineer had recommended to the board the payment of said balance on the theory that the concrete had been mixed according to said ratio, and thereby the contract performed by plaintiff, although said ratio was not the proper one by which to secure durable construction. The county surveyor, qualifying as an expert in concrete work, on being presented with samples of the concrete taken from practically all of the bridges in controversy, stated that the proportion of the mixture varied from one part of cement to 12 to 15 of native material; that, on examinaiton of the bridges, this witness found clay, dirt, and foreign matter in the structure of a number of the bridges, and none contained the contract ratio as to mixture. Another witness claiming to have had about 37 years experience in concrete work, practically corroborated the former witness. There is considerable other evidence running through the testimony to the effect that the contract ratio was not carried out by plaintiff. Other witnesses testified that the concrete could be broken off by the naked hand on some of the bridges and dug out with a pocket knife. In effect, this was shown by the report of the assistant state engineer made to the defendant, samples from the bridges being exhibited to the jury. The vice president of plaintiff, referring to the construction, stated to one of the county commissioners. "It is pretty rotten." All this evidence of poor quality of the concrete tended to corroborate the defendant's witnesses that the contract ratio as to the mixture was not carried out by plaintiff. Plaintiff would have been entitled to an instructed verdict for said balance, as contended by plaintiff, had there been no countervailing testimony that said contract ratio had not been maintained. While the instruction of the court was quite general in this behalf, it was to that effect. There is thus conflicting evidence whether plaintiff carried out

the contract ratio as to mixture. There is thus evidence reasonably tending to support the verdict, that plaintiff did not maintain such contract ratio, and under the well-known rule, the verdict cannot be disturbed by this court in this behalf.

2. Plaintiff contends that the court erred in refusing to give its requested instruction for the recovery of said $425 item for unused material, hauling, and freight. Plaintiff's action was upon an express contract, entire and indivisible. Plaintiff pleaded full performance thereof "so far as it was permitted." The only part of the work, not sought to be recovered, was that part unperformed at the date of repudiation. In Snyder v. Noss et al., 99 Okla. 142, 226 Pac. 319, it is held that a contract is entire when its terms and prices show that it is contemplated and intended that each and all its parts, material provisions, and the consideration are common each to the other and interdependent. The contract does not even provide the price for each bridge—it is for a number of bridges at a given price per unit. In Meek v. Daugherty, 21 Okla. 859, 97 Pac. 557, this court, through Justice Hayes, said:

"One who seeks to recover the entire contract price for the construction of a wall, under a contract by which the completion of the wall was a prerequisite to the rights of the party bringing the action to receive payment of the contract price, must show full performance of the contract before he is entitled to recover."

In same case it is also said:

"It is a well-settled rule of law that there can be no recovery on a contract to do an entire piece of work for a specific sum unless the work is performed."

In Davidson v. Gaskell, 32 Okla. 40, 121 Pac. 649, 38 L. R. A. (N.S.) 692, quoted in Dunn et al. v. T. J. Cannon Co., 51 Okla. 382, 151 Pac. 1167, it is said:

"It is a well-established rule that if a party by his own contract creates a duty or imposes a charge on himself, he must, under any and all conditions, substantially comply with the undertaking. To excuse a performance of his contract, he must provide for it. Bacon v. Cobb, 45 Ill. 47, He must do as he has contracted to do."

Plaintiff pleaded and relied upon full performance of the contract until said repudiation. It was conceded on the trial that the sole issue was whether the work was done according to the specifications. On such theory, under the foregoing authorities, plaintiff was not entitled to an instructed verdict for said $425.

It is unnecessary to notice the remaining assignment of alleged bias and prejudice of the jury, since no proper record is saved to present same. Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853; (2) 9 C. J. p. 819.