# CONTINENTAL INS. CO. v. CHANCE.

No. 4605. Opinion Filed June 22, 1915.

(150 Pac. 114.)

1. **INSURANCE—Proof of Loss—Waiver.** A provision in an insurance policy, requiring proof of loss to be furnished the insurance company within 60 days after the fire, is waived, should the company, within said 60 days, deny liability upon other grounds than failure to furnish proof of loss.

2. **SAME—Action on Policy—Pleading.** If plaintiffs have failed to furnish such proof of loss within said 60 days, then if a waiver of same is claimed, it is necessary to plead all acts, representations, and conduct relied on with definiteness and particularity before evidence to establish the same can be received.

3. **SAME—Pleading—Construction.** The allegation "that defendant refused payment" is equivalent to an allegation "that defendant denied liability," when applied to a solvent insurance company.

4. **SAME—Proof of Loss—Waiver—Denial of Liability.** When by the terms of an insurance policy proof of loss must be made within 60 days after the fire, denial of liability in order to constitute a waiver of proof of loss must occur within 60 days from date of the fire.

5. **SAME—Action on Policy—Evidence—Admissibility for Limited Purpose.** Where evidence has been introduced tending to prove that defendant had denied liability within 60 days after the fire, a letter written by the adjuster more than 60 days after the fire, and which tends to prove a denial of liability within 60 days after the fire, is admissible in evidence for the purpose of corroboration only, and the court should instruct the jury to consider it for that purpose only.

6. **EVIDENCE—Competency—Conversations—Impressions on Witnesses.** Witnesses should not ordinarily be permitted to testify as to what impression or understanding they inferred from certain conversations, but should give the exact language used as far as possible, and if unable to do so, then give the substance thereof, and it is for the jury to say what inference or understanding should be drawn from it.

7. **TRIAL—Direction of Verdict—Evidence.** Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict.

(Syllabus by Mathews, C.)

*Error from County Court, Roger Mills County;*

*E. E. Tracy, Judge.*

Action by R. C. Chance against the Continental Insurance Company, a corporation. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*E. L. Mitchell* and *Perry Madden,* for defendant in error.

Opinion by MATHEWS, C. Defendant in error brought this action in the county court of Roger Mills county to recover on an insurance policy issued to him by the plaintiff in error. The parties will be referred to here as they were designated in the trial court. The

plaintiff, in his amended petition, alleges that on the 5th day of June, 1911, the defendant issued to him a certain fire insurance policy in the sum of $400, a copy of the same being attached to his petition; that on the 22d day of September, 1911, the property insured, the same being a dwelling house and its contents, was destroyed by fire, and that he sustained a loss of $400; that on the 25th day of September, 1911, he notified defendant of the loss, and then follow in the petition these two paragraphs:

"That on or about the 25th day of September, 1911, plaintiff notified defendant of said loss, and on or about the 22d day of October, 1911, he furnished the defendant with proof of loss and interest, and otherwise performed all conditions of said policy on his part.

"That on or about the 1st day of October, 1911, the defendant by its adjuster, Edw. B. Lilly, viewed and examined said loss, but said defendant has refused, and still refuses, to pay said loss or any part thereof."

The demurrer being overruled, the defendant answered by a general denial, and admission of the issuance of the policy as alleged. The cause was tried to a jury, and after plaintiff had rested his case the defendant demurred to the evidence, which was overruled. The defendant then announced that it had no evidence to introduce, and rested. Whereupon the court, at the request of plaintiff, instructed the jury to return a verdict in favor of the plaintiff for the sum of $400, the amount of the insurance policy. Judgment was entered in accordance with the verdict, the motion for a new trial overruled, and the case is here on appeal.

The defendant has made the following assignments of error:

"Assignment No. 1. The court erred in permitting plaintiff to introduce evidence on the question of waiver; no waiver having been pleaded by the plaintiff.

"Assignment No. 2. The court erred in permitting the plaintiff to introduce incompetent evidence over the objection of the defendant.

"Assignment No. 3. The trial court erred in overruling defendant's demurrer to plaintiff's evidence.

"Assignment No. 4. The trial court erred in directing the jury to return a verdict for the plaintiff."

We will consider the errors assigned in the order named.

In paragraph 6 of plaintiff's amended petition he has alleged that he furnished proof of loss and performed all conditions of said policy on his part, but at the trial he made no effort to prove that he had furnished proof of loss as contemplated by the terms of the policy, but rested his entire case, on that point, in an endeavor to prove that defendant had waived proof of loss, and basing his right to introduce evidence to that effect upon paragraph 7 of his petition, wherein he alleged that defendant had "refused" to pay the loss.

In *Oklahoma Fire Ins. Co. v. Wagester*, 38 Okla. 291, 132 Pac. 1071, our courts have held that a provision in an insurance policy, requiring proof of loss to be furnished the company within 60 days after the fire, is waived by the company denying, within said time, liability under the policy upon other grounds than failure to furnish proof of loss, but the attorneys for defendant insist that if plaintiff is relying upon a waiver, he has not pleaded such with that particularity that is required in the pleading of an estoppel (citing *Deming Inv. Co. v. Shawnee Ins. Co.*, 16 Okla. 1, 83 Pac. 918, 4 L. R. A. [N.

S.] 607). That case says that all acts, representations, and conduct relied on as an estoppel should be specifically pleaded before evidence to establish the same can be received. In the case at bar, plaintiff alleges that defendant's adjuster had, on or about the 1st day of October, 1911, viewed and examined said loss, but said defendant had refused, and still refuses, to pay the same.

While it would have been better to have alleged directly that defendant had "denied liability," instead of saying that it had "refused payment," yet the refusing of payment by a solvent insurance company is the equivalent to denying liability, and we think the rule that the facts relied upon to constitute estoppel must be pleaded with definiteness and particularity is sufficiently complied with in pleading estoppel in a case like this, by simply alleging that payment had been refused, or better, that liability had been denied.

But the error we find here, which is fatal to the case, is the failure to allege that defendant had denied liability within the 60 days directly succeeding the loss. By the terms of the policy the proof of loss must be made within the 60 days after the fire. *Oklahoma. Fire Ins. Co. v. Wagester, supra; Burlington Ins. Co. v. Ross*, 48 Kan. 288, 29 Pac. 469; *State Ins. Co. v. School District*, 66 Kan. 77, 71 Pac. 272; Kerr on Insurance, sec. 201.

Does the petition contain the allegation, even in substance, that defendant had denied liability within the 60 days next after the loss? It states definitely the date when the loss was viewed, which was on or about October 1, 1911, and in the next clause says that "defendant has refused, and still refuses, to pay said loss." When did it refuse payment? Not on or about October 1st, for the loss was viewed at that time, and subsequently pay-

ment was refused, but the petition is silent as to the date of refusal, and all the definiteness that can be gathered from the same is that the refusal to pay took place some time between the viewing of the loss and the date of filing the petition, to wit, 25th day of May, 1912. As plaintiff has failed to plead this very necessary allegation, the demurrer to the petition should, have been sustained, and it was also error to admit evidence tending to prove that the refusal to pay or denial of liability took place within 60 days after the loss. For this reason, the judgment of the trial court must be reversed, but as there are other matters in the record which will probably arise again, we will briefly review same.

Plaintiff was permitted to introduce in evidence, over the objection of defendant, a letter from the adjuster of defendant to J. J. Moore in reference to the loss under consideration, written April 15, 1912, wherein said adjuster said that he had investigated the loss the fall before, and that he believed from the information he gathered that defendant did not owe plaintiff anything; said letter being as follows:

"APRIL 15, 1912.

"Mr. J. J. Moore, Cheyenne, Oklahoma—Dear Sir: I have your favor of the 8th inst. in reference to the R. C. Chance loss, policy A-436872. Last fall I went out and investigated the loss under this policy, and I believe, from the information I gathered, that we do not owe this man anything.

"Yours very truly,
"EDW. B. LILLY,. Special Agent."

This letter was written long after the 60 days succeeding the loss had expired, and if it was introduced to prove an original denial of liability it would, of course,

be inadmissible, but we are of the opinion that it was admissible to corroborate evidence introduced by plaintiff for the purpose of proving that defendant had denied liability within the 60 days after the loss, and the court should have instructed the jury that it should be considered for that purpose only.

Witness Winford testified for plaintiff that he telephoned defendant at the request of plaintiff, inquiring whether they were going to settle, and when, and further said, in reply to a question from plaintiff as to whether or not in this telephone conversation they stated, in substance, that they would not pay the loss, that he could not say definitely as to that; that "that was his impression;" "that was his understanding." Defendant's objection to this testimony should have been sustained. This witness was giving testimony upon a very vital issue in this case, whether or not defendant had, within 60 days after the loss, denied liability, and he should not have been permitted to give what his impression or understanding of the communication was, but he should have stated the language used by defendant, or if he could not recall the exact language, then have given the substance of the same.

We also think the court erred in directing a verdict. In the case at bar the defendant denies every allegation in plaintiff's petition, and this places the burden upon the plaintiff to prove the same to the satisfaction of the jury. The test is, not had defendant offered any evidence, but are there facts in dispute, and is the evidence of such a nature that men of ordinary intelligence might arrive at different conclusions? If so, then the decision should have been left to the jury. The evidence in this case, both as to the question of denying liability upon the part of the defendant and the time the same took place, was quite

indefinite, and the witnesses themselves were not positive about some of their statements, and the evidence upon neither of these points was of that clear and convincing nature such as to justify the court in directing the jury to return a verdict. It is true the evidence introduced on these subjects tended to prove the denial of liability and the time of the same, but different conclusions could easily be drawn therefrom, and it was difficult to get the witnesses themselves to an unqualified statement. Neither witness Moore nor witness Winford gave any definite statement as to the time either talked over the phone with defendant's agents, and the time could only be fixed by a rather indefinite reference to the time when plaintiff took a trip out West. The exact time these conversations were had was very material, and the evidence left it in such a doubtful state that it should have gone to the jury for their determination. And this applies with equal force to the alleged denial of liability. Neither of the witnesses could give any definite statement as to the language used by defendant's agents, and the matter should have been submitted to the jury for them to determine whether or not there was in fact an actual denial of liability. *Moore v. First Nat. Bank of Iowa*, 30 Okla. 623, 121 Pac. 626.

For these reasons the judgment will be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.