## HAMILTON v. BLAKENEY.

No. 6517—Opinion Filed May 15, 1917.

(165 Pac. 141.)

**1. Executors and Administrators — Claim Against Estate—Form—Statute.**

The claim required to be presented to the administrator or executor of the estate of a decedent under Rev. Laws 1910, secs. 6338, 6339, need not be in any particular form. If it advises the administrator or executor of the nature of the claim, the amount demanded, and shows enough to bar another action for the same demand, it is sufficient.

**2. Same—Action—Variance.**

The claim presented to the executor in this case examined, and held, that there is no fatal variance between the causes of action sued upon in the petition herein and such claim.

**3. Appeal and Error — Discretion of Trial Court—Trial Amendment.**

The permitting of an amendment to a pleading at any stage of the trial to conform to the proof is within the sound discretion of the trial court, and, in the absence of a showing of an abuse of such discretion, the action of the court will not be disturbed.

**4. Appeal and Error — Review — Admission of Evidence.**

When plaintiff in error complains of the introduction of evidence over his objection, but fails to set out in his brief the evidence admitted of which he complains, in compliance with rule 25 of this court (38 Okla. x, 137 Pac. xi), the action of the court in admitting such evidence is not presented to this court for review.

**5. Attorney and Client—Services—Recovery Upon Quantum Meruit.**

Where service has been performed under an entire and indivisible contract and the benefits accepted by the employer, but such contract has not been completely performed, the employe may sue upon a quantum meruit and recover the reasonable value of the services rendered, subject to set-off for damages for breach of the contract.

**6. Appeal and Error—Amendment to Conform to Evidence—Variance—Fact.**

Where evidence not within the issues is introduced without objection, if it be a case where an amendment to the petition ought to be allowed to conform to the facts proved, the pleading may be treated as amended so as to conform to the proof, and the judgment will not be reversed on account of variance.

**7. Trial—Directing Verdict—Evidence.**

Evidence being introduced sufficient to prove the case of plaintiff, such evidence being uncontradicted and unimpeached and not inherently improbable, either in itself or taken in connection with the circumstances, the jury are not at liberty to disregard it, and, there being no evidence on behalf of defendant, in conflict therewith or presenting a defense, it is not error for the court to instruct a verdict for the plaintiff.

(Syllabus by Rummons, C.)

Error from Superior Court, Pottawatomie County; Geo. C. Abernathy, Judge.

Action by B. B. Blakeney against B. F. Hamilton, as executor of the will of Samuel Bailey, deceased. Judgment for plaintiff and defendant brings error. Affirmed.

F. H. Reily and W. S. Pendleton, for plaintiff in error.

J. H. Maxey, Jr., and Edw. Howell, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the superior court of Pottawatomie county by the defendant in error against the plaintiff in error, to recover upon three causes of action. The parties will be designated in this opinion as they were in the court below. Plaintiff's first and second causes of action sought recovery for attorney's fees under written contracts with Samuel Bailey, now deceased, defendant's testator. The third cause of ac-

tion set out in the petition of plaintiff sought to recover for attorney's fees, upon a quantum meruit, upon an implied contract between plaintiff and said Samuel Bailey. The first cause of action was dismissed at the trial by plaintiff, and needs no further consideration. The defendant answered each count of the petition, denying generally the allegations of each count and denying that plaintiff ever rendered any services to the said Samuel Bailey, deceased, or to the defendant, or that the defendant ever employed plaintiff, and denies that plaintiff ever tendered his services to the defendant. As to the second cause of action, the defendant says that for the best interests of the estate of said Samuel Bailey, deceased, he caused the lawsuits covered by the contract set up by plaintiff to be dismissed by his duly employed attorneys.

Upon the trial of the cause at the conclusion of the evidence of plaintiff the defendant demurred to the evidence, and moved the court to instruct the jury to return a verdict for defendant. This demurrer and the motion to instruct were overruled by the court, to which ruling the defendant excepted. The defendant rested, without introducing evidence, and the court then instructed the jury to return a verdict in favor of plaintiff for the full amount sued for in the second count of plaintiff's petition, and instructed the jury as to the third count to return a verdict for the plaintiff for such an amount as they found to be reasonable from all the evidence in the case, not exceeding $50. There was a verdict and judgment in favor of the plaintiff for the sum of $750 upon the second count and upon the third count for $25. The defendant, having excepted to the overruling of his motion for new trial, prosecutes this proceeding in error to reverse the judgment of the court below.

Defendant's first assignment of error complains that:

"The court erred in not sustaining the motion of the defendant, at the close of plaintiff's testimony, to instruct the jury to return a verdict for the defendant, for the reason that the petition did not state facts sufficient to constitute a cause of action against defendant, and the further reason that there is such a material difference between the claim filed with the executor and the petition. and causes of action in this case that the plaintiff could not recover."

Under this assignment of error the defendant argues that there is such a material variance between the claim filed by the plaintiff with the defendant, as executor, and the causes of action sued upon by the plaintiff that plaintiff cannot recover upon said causes of action. It was stipulated at the trial that the plaintiff had filed a verified statement as required by law, with the executor, which account was duly presented, filed, and rejected by the administrator, and that this action was commenced within 60 days after presenting said claim.

It will be necessary for the proper consideration of this assignment of error to set out the claim filed with executor by plaintiff, in full. It is as follows:

"Muskogee, Okla., Oct. 13, 1912.

"Dr. B. F. Hamilton, executor of the Estate of S. F. Bailey, deceased, indebted to B. B. Blakeney:

| | |
|---|---:|
| To attorney's fees in case of Exchange Bank of Wewoka v. Bailey, in Supreme Court | $ 250 00 |
| Bailey v. Exchange Bank et al., district court, Seminole county | 500 00 |
| Bert Flesher, Receiver, v. Cutlip et al. | 250 00 |
| Bailey v. Tate | 50 00 |
| Total | $1050 00 |

"State of Oklahoma, Muskogee County—ss.:

"B. B. Blakeney, being first duly sworn, on oath deposes and says that the above and foregoing account is just, true, and correct, and that the items therein charged were furnished under agreement with the said S. F. Bailey and the amounts charged were the amounts agreed by the said Bailey to be paid; that the above and foregoing amount is now due and owing, over and above all offsets and counterclaims, and that no payments have been made thereon.

"B. B. Blakeney.

"Subscribed and sworn to before me this 18th day of December, 1912.

"Hallie Whitaker, Notary Public."

It is claimed on behalf of defendant that this claim is a statement of an open account, and is a claim, upon a quantum meruit, for services rendered, and not upon an express contract, and that therefore, plaintiff having in the second count of his petition declared upon an express contract, such action is a departure from the claim presented to the executor, and cannot be maintained. It is also contended upon behalf of the defendant, inasmuch as plaintiff at the trial, to conform to the proof as to the third count of his petition, amended his petition so as to show that the contract sued upon in said count was entered into by the firm of Blakeney, Maxey & Miley with the said Samuel Bailey, deceased, and that the plaintiff was the assignee of said firm and entitled to recover

the amount due on said contract, that the amendment and proof offered thereunder constituted such a departure from the claim presented to the executor that recovery could not be had thereon.

Counsel for defendant rely upon several cases determined by the Supreme Court of California upon this question. We think, however, that an examination of the cases, cited by counsel for defendant, and other authorities upon the same question, discloses that they do not bear out the contentions of defendant in support of his demurrer and motion for an instructed verdict. It is true that in an action against the estate of a decedent, it is necessary for the plaintiff to show that a claim has been properly presented to the administrator or executor of said estate and rejected, and that the recovery must be upon the same causes of action as were set up in the claim. In Ross, Probate Law and Practice, 555, it is said:

"A creditor cannot come into court and allege and prove another or different contract or cause of action than the one stated in his claim. Of course, not every variance is fatal. The statement of facts in the complaint additional to those set forth in the claim is unobjectionable, when they are merely explanatory of the demand and do not change the cause of action."

In Lichtenberg v. McGlynn, 105 Cal. 45, 38 Pac. 541, the claim presented was as follows:

"To services rendered by said Wm. Lichtenberg for said deceased, at his special instance, within two years next preceding his death, in and about effecting loans and sales for account of said deceased_____$15,000.00"

The court says:

"In order to sustain his claim, it was necessary for the plaintiff to show that he had rendered services for the deceased within two years prior to his death; that these services had been rendered at the special instance of the deceased; that they were of the value of $15,000, or that they were rendered under an agreement, either express or implied, that he should be paid $15,000 for them." Wise v. Outtrim, 139 Iowa, 192, 117 N. W. 264, 130 Am. St. Rep. 301; Belleville Sav. Bank v. Bornman (Ill.) 10 N. E. 552; Hyatt v. Bonham, 19 Ind. App. 256, 49 N. E. 361.

In the Estate of Sulenberger, 72 Cal. 549, 14 Pac. 514, the claim filed was upon a promissory note, the statute of limitations was pleaded against the note, and recovery was sought to be had by the claimant upon another promise tolling the statute of limitations. It was held that the claim should have been upon the other obligation, and not upon the note, and that recovery could not be had, because the claim presented was barred by the statute of limitations. In McGrath v. Carroll, 110 Cal. 79, 42 Pac. 466, the claim was upon a simple money demand. The claim was rejected, and action was brought, and in the complaint it was alleged that the moneys were held and received by deceased in trust for the use and benefit of the plaintiff. It was held that one cannot present a simple money demand, and then maintain an action as the beneficiary of an express trust. In Etchas v. Orena, 127 Cal. 588, 60 Pac. 45, the claim was for services rendered deceased at his request. Upon rejection of the claim recovery was sought to be had upon the ground that services were rendered deceased upon a promise to provide for claimant in decedent's will, which promise had not been performed. It was held that the action was not based upon the claim presented. Section 6339, Rev. Laws 1910, provides:

"Every claim which is due when presented to the administrator must be supported by the affidavit of the claimant, or some one in his behalf, that the amount is justly due, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of the claimant or affiant. If the claim be not due when presented, or be contingent, the particulars of such claim must be stated. When the affidavit is made by a person other than the claimant, he must set forth, in the affidavit the reason why it is not made by claimant. The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim. If the estate is insolvent, no greater rate of interest shall be allowed upon any claim, after the first publication of notice to creditors, than is allowed by law on judgments obtained in the district court."

It is clear that the cases of Estate of Sulenberger, supra, McGrath v. Carroll, supra, and Etchas v. Orena, supra, are distinguishable from the instant case, as in those cases the actions were predicated upon entirely different causes from those shown in the claims presented. Here plaintiff filed his claim for attorney's fees in the several causes, giving their titles in the claim, and supported it by his affidavit reciting that the items therein charged were furnished under agreement with the said decedent and the amounts charged were agreed by said decedent to be paid the plaintiff. Under our statutes the executor might have required vouchers or proofs of the claim presented to be produced; not having done so, he cannot object to the sufficiency of the claim as a foundation for this action, because a copy of the written contract was not attached thereto.

The claim presented to the defendant showed that the plaintiff claimed that the estate of the decedent was liable to him for attorney's fees in the respective cases described in the claim. The claim against an estate required to be filed by our statutes need not be in any particular form. If it advises the administrator or executor of the nature of the claim and the amount demanded and shows enough to bar another action for the same demand, it is sufficient. Upon the rejection of this claim by the executor, without a demand for further information or of exhibits or vouchers or proof of the claim, the plaintiff was entitled to maintain an action for the amount of his claim upon a contract with the decedent, either express or implied. Nor does the third cause of action in plaintiff's petition constitute such a variance from the claim presented for the services upon which said third cause of action was based as to defeat plaintiff's right to recover thereon. The claim showed that it was for attorney's fees in the case of Bailey v. Tate, and plaintiff sought recovery as assignee of the firm, of which he was a member, which rendered the services. We do not think the claim presented differs so much from the cause of action sued on, in the absence of demand for more specific information upon the behalf of the executor, as to constitute a fatal variance. We, therefore, hold that defendant's first assignment of error is not well taken.

Defendant's second assignment of error complains that the court erred in permitting plaintiff to amend the third count of his petition over the objection of the defendant. There is no merit in this assignment of error, for the reason that there is no showing that the cause of action of plaintiff was materially changed, or that defendant was so surprised by the amendment as to be unable to proceed to trial. It is well settled in this jurisdiction that the permitting of amendment at or after the trial to conform to the proof is within the sound discretion of the trial court, and that, in the absence of a showing of any abuse of such discretion, the court's action will not be disturbed. Alcorn v. Dennis, 25 Okla. 135, 105 Pac. 1012; Lewis v. Bandy, 45 Okla. 45, 144 Pac. 624.

The defendant next urges that the court erred in permitting evidence to be introduced in said cause over the objection of the defendant. Defendant fails to comply with rule 25 [38 Okla. x, 137 Pac. xi] of this court, in that he fails to set out in his brief the evidence admitted of which he complains, but it may be said that the record discloses that, omitting from consideration the evidence of plaintiff as to the transactions between plaintiff and decedent, there is sufficient competent evidence to establish the execution of the contracts upon which plaintiff seeks to recover, and therefore the defendant could not be prejudiced by any ruling upon plaintiff's evidence.

Defendant's fourth assignment of error complains of the action of the trial court in instructing the jury to return a verdict for plaintiff in the sum of $750 upon his second cause of action. It is contended in support of this assignment of error by the defendant that the plaintiff pleaded and proved an express contract with the decedent to represent the decedent in two cases described in said contract; that said contract was an entire contract for the trial of said two cases; and, it appearing from the evidence that plaintiff never tried either of the cases, but, on the contrary, that they were dismissed before trial on the order of defendant, that plaintiff was not entitled to recover upon the express contract and could only recover upon a quantum meruit, or for damages for being prevented performing the entire contract. This assignment urged by the defendant raised the question of what is the measure of damages for the breach of a contract with a lawyer for the trial of a cause where the lawyer is prevented performing the contract in its entirety by a settlement of the cause by his client or by a wrongful discharge by his client. It it were necessary for us to pass upon this question in the determination of this cause, we have no doubt that the weight of authority, as shown by the decided cases, is in favor of the rule that the measure of damages for a breach of a contract of employment of a lawyer is the fee agreed to be paid, and that contracts retaining a lawyer for the conduct of a litigated case are exceptions as to the measure of damages for the breach of entire contracts for the performance of services, because of the peculiar confidential relationship between client and attorney. On the other hand, there are respectable authorities which fix the measure of damages for the breach of such a contract at the reasonable value of the services actually rendered. Still other authorities fix such measure of damages at the fee agreed to be paid, less the value of such services as the attorney would have been required to render, and such expenses as he would have incurred in completing the contract.

However, upon a careful examination of the record, we do not believe that it is incumbent upon us, in order to determine this cause, to decide to which one of the rules as to the measure of damages for the breach of a contract for the employment of a lawyer to try a cause we should adhere. The record shows that witnesses for the plaintiff testi-

fied a₅ to what services were performed by the plaintiff- in carrying out his contract, without objection or exception, and that, without objection or exception by defendant, one witness was permitted to qualify himself and testify to the value of the services actually rendered by plaintiff, and that he fixed the value of the services so rendered prior to the dismissal of said attorney, in the two cases for which plaintiff seeks to recover upon his second cause of action, at the sum of $750.

If the contract in this case be construed to be entire and indivisible, and the rule of law that no recovery can be had thereon without proof of complete performance be applied, yet, if services have been performed under such contract and the benefits accepted by the client, the attorney will be entitled to sue upon a quantum meruit and recover the reasonable value of the services rendered. Davidson v. Gaskill, 32 Okla. 40, 121 Pac. 649, 38 L. R. A. (N. S.) 692. The evidence shows that the plaintiff performed services of which the decedent received the benefit, and shows the reasonable value of such services. The defendant having failed to object to the introduction of this evidence, the petition may be treated as amended in this court to conform thereto. In the case of Carson v. Vance, 35 Okla. 584, 130 Pac. 946, this court says:

"Where, in an action for his commission on a sale of land, plaintiff declared upon an express contract to pay him five per cent. therefor, and evidence is introduced without objection in effect that such commission is usual and customary, **held,** that the pleading is presumed to be amended so as to conform to the proof, that an instruction, submitting to the jury the question of what is a reasonable commission, is proper, and that, the same having been found to be 5 per cent., will not be disturbed." Love v. Kirkbride Drilling Co., 37 Okla. 804, 129 Pac. 858; Roberts v. Markham et al., 26 Okla. 387, 109 Pac. 127.

This evidence being uncontradicted, the witness not even having been cross-examined upon it, and not inherently improbable, either in itself, or when taken in connection with circumstances, the jury were not at liberty to disregard it, and the court did not err in instructing a verdict for plaintiff upon this unimpeached and uncontradicted evidence. It is held by this court in Meadors v. Johnson, 27 Okla. 544, 112 Pac. 1121:

"Prima facie evidence of a fact is such evidence as in the judgment of the law is suffi-

cient to establish the fact; and, if not rebutted, remains sufficient for that purpose."

The rule is stated in 14 Enc. Ev. 121, as follows:

"While the fact that the jury are the sole judges of the credibility of the witness is universally recognized (and they are not bound by the mere swearing of witnesses), it is equally well established that they will not be allowed capriciously to disregard the unimpeached and uncontradicted testimony of witnesses." Newton v. Pope, 1 Cow. (N. Y.) 109; Engmann v. Estate of Immel, 59 Wis. 249, 18 N. W. 182; Lewis v. N. Y. Ry. Co., 50 Misc. Rep. 535, 99 N. Y. Supp. 462; Kelly v. Jackson, 6 Pet. 622, 8 L. Ed. 523.

It is true that the court submitted to the jury the determination of what was the reasonable value of the services sought to be recovered for in the third cause of action, and the jury by its verdict, in face of the uncontradicted evidence on behalf of plaintiff that the value of said services was $50, found such value to be $25, but of this the plaintiff does not, and the defendant cannot, complain. When plaintiff introduces sufficient evidence to prove his case and defendant's evidence does not conflict therewith, or when the evidence of defendant, together with all legitimate inferences in its favor, fails to present a defense, the court should direct a verdict for the plaintiff. Homeland Realty Co. v. Robison, 39 Okla. 591, 136 Pac. 585; Cockrell v. Schmidt, 20 Okla. 207, 94 Pac. 521, 129 Am. St. Rep. 737; Moore v. Leigh-Head Co., 48 Okla. 228, 149 Pac. 1129.

The defendant having permitted without objection proof on behalf of the plaintiff that he had performed services under a contract with the decedent, and what the reasonable value of said services was, and the defendant not having offered any evidence to contradict the evidence of the plaintiff or to impeach the witnesses offered on behalf of plaintiff, the plaintiff was entitled, under the undisputed evidence, to recover the amount found by the jury under the instructions of the court. No prejudicial error was therefore committed by the court in the instruction to the jury complained of in this assignment of error.

The fifth, sixth and seventh assignments of error urged in the brief of defendant present again the same propositions that have already been discussed in this opinion, and need not be considered at length. It is sufficient to say that no error of the trial court is shown by said assignments.

Finding no prejudicial error in the record, the judgment of the court below should be affirmed.

By the Court: It is so ordered.