## STEVENS v. PIERCE.

No. 9578—Opinion Filed June 29, 1920.

Rehearing Denied Nov. 16, 1920.

(Syllabus by the Court.)

### 1. Bills and Notes—"Holder in Due Course."

Under the uniform Negotiable Instruments Act, a holder in due course is a holder who has taken the instrument under the following conditions: 1st. That it is complete and regular upon its face; 2nd. That he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact; 3rd. That he took it in good faith and for value; 4th. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.

### 2. Same—"Defective Title."

The title of a person who negotiates an instrument is defective within the meaning of the Negotiable Instruments Act when he obtains the instrument or any signature thereto by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideraton, or when he negotiates it in breach of faith or under such circumstances as amount to fraud.

### 3. Same — Defenses — Deriving Title from Holder in Due Course.

In the hands of any holder other than the holder in due course, a negotiable instrument is subject to the same defenses as if it were nonnegotiable. But a holder who derives his title through a holder in due course, and who is not himself a party to any fraud or illegality affecting the instrument, has all

the rights of such former holder in respect of all parties prior to the latter.

### 4. Same — Presumptions and Burden of Proof.

Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course; and when the holder thereafter establishes that he received the note for value in the usual course of business and under circumstances that did not operate as constructive notice of the fraud by which the maker was induced to execute the note, then the burden of proof is upon the maker to prove actual notice of the fraud.

### 5. Same — Negotiation of Note — Indorsement.

Where a negotiable note is payable to the order of a specified person, the indorsement of such person is necessary to the further negotiation of the instrument, and when the same is indorsed in blank, not specifying any indorsee, it is thereafter payable to bearer and may be negotiated by delivery.

### 6. Same — Bona Fide Holder — Mere Suspicion of Defective Title.

Suspicion of defect of title, or knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances to put him upon inquiry, will not defeat the rights of one claiming to be a bona fide holder. That result can be produced only by bad faith on his part.

Error from District Court, Payne County; John P. Hickam, Judge.

Action by F. L. Stevens against Josephine Pierce on promissory note. Judgment for defendant and plaintiff brings error. Reversed and remanded.

Yerker E. Taylor, for plaintiff in error.

Springer & Wilson, for defendant in error.

PITCHFORD, J. Plaintiff in error, plaintiff below, instituted this action against defendant in error, defendant below, to recover judgment against the defendant upon a promissory note, executed by the defendant to the Lyon-Taylor Company.

It appears from the evidence that on June 4, 1914, the defendant executed and delivered a certain note, payable to the order of the Lyon-Taylor Company for the sum of $298; that prior to the maturity of the note the same was indorsed in blank by the Lyon-Taylor Company and delivered to the First National Bank of Iowa City, Iowa. The Lyon-Taylor Company borrowed from the said bank the sum of $2,000, executing its

note to the bank for said sum and securing payment of the note by hypothecating a number of notes, including the note in controversy. Thereafter, the plaintiff purchased from the bank the note executed by the Lyon-Taylor Company, which was transferred to him, including the collateral security.

The answer of the defendant was to the effect that she was induced to execute the note by fraud, misrepresentation, and deceit practiced upon her by the agent of the Lyon-Taylor Company, and, further, that the plaintiff was not a holder in due course; that the Lyon-Taylor Company, the First National Bank, and the plaintiff were engaged in a conspiracy to defraud the defendant.

Upon the trial of the case, a verdict was rendered in favor of the defendant. Plaintiff appeals and assigns as error: 1st. That the court erred in admitting testimony on the part of the defendant as to the transactions between the defendant and the Lyon-Taylor Company; 2nd. Error in refusing to give the jury peremptory instructions to return a verdict in favor of the plaintiff; 3rd. Error in giving the jury instruction No. 5.

The contention of the plaintiff is that, the note sued on being a negotiable instrument and the plaintiff being a holder in due course, the trial court committed error in permitting the witnesses on the part of the defendant, over objection of the plaintiff, to testify concerning the transactons between the defendant and the Lyon-Taylor Company leading up to the execution of the note, and that, under all the evidence in the case, the plaintiff was entitled to a peremptory instruction for a verdict in his favor.

If the witnesses on behalf of the defendant testified truthfully, and their credibility was purely a matter for the jury to determine, the defendant was the victim of a rank imposition, devised and executed by the Lyon-Taylor Company, through its agent, whereby she was induced to sign the note sued on. After the defendant had introduced evidence tending to prove the fraud and imposition practiced upon her, the burden was then cast upon the plaintiff to prove that the First National Bank, under whom he claims, acquired the note in due course.

Plaintiff's possession of the note, indorsed by the Lyon-Taylor Company in blank, was prima facie evidence that the bank acquired the note in good faith and for value and in due course. Section 4109, Rev. Laws 1910. But when the defendant introduced evidence tending to show that the note had been procured by fraud, misrepresentation, and deceit practiced upon her by the agent of the Lyon-Taylor Company, then the burden of

proof was shifted to the plaintiff to show that the bank from whom he purchased had acquired the note in good faith for value, in the usual course of business, and when the plaintiff, thereafter, by uncontroverted evidence established that the bank had received the note for value in the usual course of business and under circumstances that did not operate as constructive notice of the fraud by which defendant had been induced to sign the note, then the burden was upon the defendant to prove actual notice of fraud. Forbes v. First National Bank of Enid, 21 Okla. 206, 95 Pac. 785. There was no proof offered tending to show that the bank had any notice of the fraud in acquiring the note.

Counsel for defendant in their brief say:

"If the First National Bank could by any possibility be considered the owner and holder of the note so as to transfer the same, the First National Bank never indorsed the note, and therefore, the defendant [plaintiff] could not be considered a bona fide holder in due course, so as to cut off the equities existing in favor of the maker" —and cite Section 4080, Rev. Laws 1910, which provides:

"An instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof. If payable to bearer, it is negotiated by delivery; if payable to order, it is negotiated by the indorsement of the holder completed by delivery."

Evidently counsel overlooked section 4059, Rev. Laws 1910, which provides:

"An instrument is payable to bearer:

"First: When it is expressed to be so payable; or

"Second: When it is payable to a person named therein or bearer; or

"Third: When it is payable to the order of a fictitious or nonexisting person, and such fact was known to the person making it so payable; or

"Fourth: When the name of the payee does not purport to be the name of any person; or

"Fifth: When the only or last indorsement is an indorsement in blank."

The note sued on, as we have seen, was payable to the Lyon-Taylor Company, or order, and was indorsed in blank when delivered to the bank. Afterward, the note could be negotiated by delivery, which the evidence establishes was done in the instant case.

In Conqueror Trust Co. v. Bayless Drug Co., 75 Okla. 288, 183 Pac. 419, it was said:

"It may be that the plaintiff was not an innocent purchaser in good faith, but the evidence is conclusive to the contrary. All that the courts can judge by is the evidence. There might be circumstances connected with this transaction that would excite one's suspicion, but the great weight of authority, and particularly the decisions of this court, have followed the rule that suspicion, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put one upon inquiry, is not sufficient to defeat the rights of one claiming to be a bona fide holder. That result can be produced only by bad faith on his part. The authorities are uniform in holding that the owner of a negotiable promissory note, who obtains it before maturity and for a valuable consideration, without knowledge of any defect of title and in good faith, holds it by a title valid against all the world."

In McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 721, it was said:

"We believe it to be a principle now well settled that neither a suspicion nor [of] defect of title, [nor] knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or put him on inquiry, will affect his right, unless the circumstances or suspicions are so cogent and obvious that to remain passive would amount to bad faith."

We have examined instruction No. 5, given by the court, to which plaintiff excepted, and fail to find error in the same, especially when viewed in connection with the other instructions in the cause. Besides, plaintiff seems to have abandoned this ground as error, as the same is not discussed in his brief, and no authorities are cited showing any vice in the instruction.

Under the foregoing authorities, we are constrained to reverse the judgment of the trial court, and remand the cause for further proceedings not inconsistent with the views herein expressed.

HARRISON, V. C. J., and KANE, JOHNSON, McNEILL, and RAMSEY, JJ., concur.