**SOUTHWEST NAT. BANK OF COMMERCE, OF KANSAS CITY, v. TODD et al.**

No. 9789—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**1. Bills and Notes—Purchaser for Value—Collateral Security.**

One who takes a negotiable promissory note before maturity as collateral security is a purchaser for value, and unaffected by any equities between the original parties to the note, of which he had no notice.

**2. Same—Suspicion of Defect of Title—Effect.**

Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part.

### 3. Same—Action on Notes—Evidence—Directing Verdict.

The record examined, and held: The evidence is undisputed that plaintiff was holder of the notes for value and before maturity, and the amount due thereon was not denied; therefore, there was no issue of fact to be submitted to the jury, and it was error for the trial court to overrule the motion to direct a verdict for the plaintiff.

Error from District Court, Delaware County; John H. Pitchford, Judge.

Action by the Southwest National Bank of Commerce, of Kansas City, against J. H. Todd and others on promissory notes. Judgment for defendants, and plaintiff brings error. Reversed.

J. G. Austin and Ellis, Cook & Barnett, for plaintiff in error.

Bennett & Wilson, for defendants in error.

McNEILL, J. This action was commenced in the district court of Delaware county, by the South'west National Bank of Commerce, of Kansas City, against J. H. Todd and others, to recover upon two promissory notes executed by Todd and others to the Holland Stock Farm, which were transferred to the plaintiff, and held as collateral security for a note executed to the plaintiff on which there was three thousand ($3,000.00) dollars due. Plaintiff asks judgment on one note for the sum of five hundred sixty-seven ($567.00) dollars, and on the other for twelve hundred sixty-six ($1,266.00) dollars.

To the petition the defendants filed an answer, admitting the execution of the notes, but they deny that the plaintiff is the owner or holder thereof, and deny plaintiff obtained said notes before maturity, and allege that plaintiff took said notes with notice of defendant's rights. The defendants pleaded the notes were given for a stallion and for a jack, and the animals were guaranteed, but said animals were not as guaranteed, and the consideration failed. The case was tried to a jury and the verdict was in favor of defendants. From said judgment, the plaintiff has appealed.

For reversal the plaintiff in error assigns the overruling of the plaintiff's motion for a directed verdict, for the reason the undisputed evidence disclosed plaintiff was the holder of said notes in good faith and for value and before maturity, and there was no question to submit to the jury.

The evidence disclosed that Mr. Holland lived near Springfield; and borrowed from the Southwest National Bank of Commerce, of Kansas City, seventy-five hundred ($7,-500.00) dollars; that certain payments were made upon this indebtedness from time to time, and new notes executed in place of the original, and the indebtedness had been reduced to some three thousand ($3,000.00) dollars, which was evidenced by a promissory note containing a chattel mortgage clause disclosing that the note was secured by certain chattels, to wit, promissory notes. The evidence disclosed that among the notes indorsed as such security were the notes in question. Thereafter the plaintiff's bank was organized, and became the owner of the note executed by Holland to the Southwest National Bank, and also the collateral security heretofore referred to. This state of facts being unimpeached in any way, was the bank a holder of the notes in due course?

Section 4102, Rev. Laws 1910, defines a holder in due course as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions: First. That it is complete and regular upon its face; Second. That he became the holder of it before it was over due, and without notice that it had been previously dishonored, if such was the fact; Third. That he took it in good faith and for value; Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The evidence in the case is conclusive that the notes were transferred to the plaintiff before maturity, and as collateral security.

Section 4075 is as follows:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

Section 4077 is as follows:

"Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

By virtue of these two sections of the statute:

"One who takes a negotiable promissory note as collateral security is a purchaser for value, and unaffected by any equities between the original parties to the note, of which he had no notice."

On cross-examination of the plaintiff's witnesses, it was disclosed that Mr. Holland, the original payee, and the party who had indorsed the notes, was considered a man of means, and that the bank relied upon his indorsement, and made no inquiry as to solvency of the defendants, and that Mr. Holland's note was considered good without this security. We do not think this evidence is

sufficient to raise an inference that plaintiff was not a purchaser in good faith and for value.

The rule announced in Conqueror Trust Co. v. Bayless Drug Co., 75 Okla. 288, 183 Pac. 419, and McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 721, is stated as follows:

"Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that' result can be produced only by bad faith on his part."

By applying the same rule to facts in the case at bar, the evidence being undisputed, there was no question to be submitted to the jury, and the court should have sustained the motion to direct a verdict for plaintiff.

For reasons stated, the judgment of the court is reversed, with instructions to grant the plaintiff in error a new trial.

RAINEY, C. J., and KANE, JOHNSON, HIGGINS, and BAILEY, JJ., concur.