## FLEMING v. DREW et al.

No. 10866—Opinion Filed Jan. 23, 1923.

(Syllabus.)

**1. Bills and Notes—Bona Fide Purchaser—Mere Suspicion of Defect of Title.**

In an action on a promissory note, by a purchaser in due course, for a valuable consideration, before maturity, the defense that the holder is not an innocent purchaser cannot be established by suspicion of defect of title or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, but that result can be produced only by bad faith on his part.

**2. Trial—Instructions—Evidence.**

When the evidence is uncontradicted, and not inherently improbable, either in itself,

or when taken in connection with circumstances, the court is not at liberty to disregard it.

**3. Same—Directing Verdict.**

Where the evidence upon a certain question is uncontradicted and not inherently improbable, either in itself or in connection with any other circumstances, but conclusively establishes the facts presented, it is error to submit questions of fact to the jury, but the court should advise the jury of the conclusive nature of said evidence.

**4. Bills and Notes—Action by Innocent Purchaser—Evidence—Instructions.**

Record examined, and held, upon the question of the plaintiff being an innocent purchaser, the evidence was uncontradictory and conclusive, and it was error for the court to submit the question of fact to the jury.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by Lorena B. Fleming against C. E. Drew and another on promissory note. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

J. W. Brooks and S. A. Horton, for plaintiff in error.

Bridges, Vertrees & Anderson, for defendants in error.

McNEILL, J. Lorena B. Fleming commenced this action in the district court of Jefferson county against C. F. Drew and Mary L. Drew to recover on a promissory note dated January 8, 1918, due October 1, 1918, and to foreclose a mortgage given to secure said note. The mortgage was dated the 31st of January, 1918. The petition alleged the note was given to Osaple Oil Company, and on the 9th day of February, 1918, sold and transferred to W. A. McAtee, of Hastings, Okla., who on the 22nd day of April, 1918, sold and transferred said note to plaintiff before maturity for a valuable consideration. It is also alleged the mortgage had been duly assigned and transferred, and filed for record.

To this petition the defendants Drew filed an answer, and as a defense, alleged the note had been materially changed and altered after delivery without their knowledge and consent. With the issues thus framed, the case was tried to a jury, and the jury returned a verdict in favor of defendants. From said judgment the plaintiff has appealed.

The facts in the case that are material are practically undisputed. The note when executed was dated January 8th, and provided the same should bear interest at the rate

of eight per cent. per annum after maturity. It is admitted that thereafter and before maturity the note was transferred to Mr. McAtee, who altered the note by writing with a typewriter over the words "maturity" the word "date." McAtee testified C. E. Drew authorized him to make such change and alteration. Drew, however, denies he authorized the note altered. The mortgage is dated the 31st day of January, 1918, and was acknowledged on that date before Mr. Williams, a notary public. The mortgage discloses an erasure upon the face of the mortgage and the date "31st" was written with a pen and ink at the place over the erasure. The mortgage had all been filled in with a typewriter. Mr. Williams testified the date had been written in the mortgage with a typewriter, but the same was not acknowledged until the 31st day of January, and he erased the date and wrote the date "31st" before it was acknowledged, and inserted the figures "31st," being the date of acknowledgment. This evidence is undisputed. This alteration was immaterial.

The plaintiff was not present at the trial, but was represented by her father, Mr. Brooks, who purchased the note for her. The evidence is uncontradicted that the note was purchased by plaintiff through her father on the 22nd day of April, 1918, before maturity. Brooks testified he had no knowledge of any of the alterations in the said note, but he noticed the date of the mortgage had been erased and the 31st of January, 1918, inserted where the erasure appeared, and he inquired of the notary public, and was informed by the notary public that the notary had made the erasure on the mortgage before it was acknowledged. He had no knowledge of any alteration made in the note, and there is no evidence or reference that he did.

The court, in substance, in instructions 6, 7, and 8 advised the jury there was no conflict in the evidence on the alteration of the note, and there were only two questions for consideration: Whether the alteration was made with the knowledge and consent of the defendant; and, second, if the jury found the plaintiff was an innocent purchaser, then the question of alteration was not to be for their consideration, but the verdict should be for the plaintiff. The court in instructions 7 and 8 advised the jury that the plaintiff would be bound by any knowledge and facts known to her agent, Mr. Brooks, regarding the alteration of the note. These instructions were excepted to by the plaintiff as being contrary to the law and the evidence.

For reversal, it is argued there is no dispute regarding the fact that the the plaintiff was an innocent purchaser, and there were no facts and circumstances surrounding the purchase of the note that would give notice to a reasonably prudent person to inquire regarding the alteration of the note.

There is nothing on the face of the original note that would create a suspicion that the note had been altered. The note discloses, regarding the interest, the word "ten" was stricken out with the typewriter and above it the figure "8" written. The word "maturity" is stricken out and the word "date" written over it with a typewriter.

This court, in defining an innocent purchaser regarding defect of title, has announced the following rule:

"Suspicion of defect of title or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part."

See McPherrin v. Tittle, 36 Okla. 510, 129 Pac. 71; Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 Pac. 785; Southwest Nat. Bank of Commerce v. Todd, 79 Okla. 263, 192 Pac. 1096, and Stevens v. Pierce, 79 Okla. 290, 193 Pac. 417.

The mortgage in describing the note described the note as drawing interest from date, not from maturity, so in purchasing the note and mortgage the purchaser had possession of the note which read, "bearing interest from date," and the mortgage, which had been regularly filed and recorded, described the note dated January 8, 1918, with interest at the rate of eight per cent. per annum payable from January 8, 1918. It could not be said that a person who bought a note under these circumstances, which read the same as it was described in the mortgage, could act in bad faith in the purchase without any knowledge that the note had been altered.

The question is: Did the court err in submitting to the jury over the objection of plaintiff the question of whether plaintiff was an innocent purchaser for value, when the uncontradicted evidence disclosed that the plaintiff purchased said note before maturity for a valuable consideration and there were no circumstances to create a suspicion in the mind of the purchaser that the note had been altered?

This court, in the case of Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141, stated as follows:

"This evidence being uncontradicted, the witness not even having been cross-examined upon it, and not inherently improbable, either in itself, or when taken in connection with circumstances, the jury were not at liberty to disregard it."

In the cases of Continental Ins. Co. v. Chance, 48 Okla. 324, 150 Pac. 114, and Besse ᴠ. Morgan, 84 Okla. 203, 206 Pac. 1012, it was stated as follows:

"Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict."

We think there was no evidence to submit the question of innocent purchaser to the jury, because the evidence was not improbable, nor were there any circumstances or ·facts taken in connection with the purchase of the note that would impute knowledge to the purchaser that the note had been altered. It was error for the court to submit this question to the jury, but it should have advised the jury that the evidence was uncontradicted and conclusive and it was their duty to so find and the jury should have been advised to return a verdict for the plaintiff.

For the reasons stated, the judgment is reversed, and remanded, with instructions to enter judgment for plaintiff, as no defense is disclosed from the evidence.

JOHNSON, V. C. J., and KANE, COCHRAN, and BRANSON, JJ., concur.