**LIBERTY NAT. BANK OF PAWHUSKA v. KENDALL et al.**

No. 15321—Opinion Filed Jan. 5, 1925.

Rehearing Denied Oct. 13, 1925.

(Syllabus.)

**1. Bills and Notes—Holders in Due Course—Burden of Proof.**

Under section 7729, Comp. Okla. Stat. 1921, every holder of a promissory note is deemed prima facie to be a holder in due course; but where it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course.

**2. Same—Statutory Definition.**

Section 7722, Comp. Okla. Stat 1921, defines who are holders in due course.

**3. Same—Mere Suspicious Circumstances as to Defects in Title.**

Suspicion of defect of title, or knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances to put him upon inquiry, will not defeat the rights of one claiming to be a bona fide holder. That result can be produced only by bad faith on his part.

**4. Trial—Province of Court and Jury—Instructions Upon Uncontradicted Evidence.**

When the evidence is uncontradicted, and not inherently improbable, either in itself, or when taken in connection with circumstances, the court is not at liberty to disregard it. In such a case, it is error to submit questions of fact to the jury, but the court should advise the jury of the conclusive nature of said evidence.

**5. Bills and Notes—Innocent Purchaser—Sufficiency of Evidence.**

Record examined, and held, that the evidence is uncontradictory and conclusive that plaintiff was an innocent purchaser, and that there is no evidence reasonably tending to support the judgment of the trial court.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by the Liberty National Bank of Pawhuska against W. L. Kendall and F. W. Weller on a promissory note. Judgment for the defendants, and the plaintiff brings error. Reversed, and remanded, with instructions.

Wilson, Murphey & Duncan, for plaintiff in error.

Simons, McKnight & Simons and F. E. Chappell, for defendants in error.

MASON, J. The Liberty National Bank of Pawhuska, Okla., commenced this action in the district court of Garfield county against the defendants to recover on a promissory note for $2,000.

The record discloses that on the 6th day of April, 1921, the defendants W. L. Kendall and F. W. Weller executed and delivered to R. L. Hall, also one of the defendants, the note sued on herein: that it was afterwards indorsed to the defendant J. A. Murphy, and later and before maturity indorsed by him to the plaintiff herein.

After maturity, the makers and indorsers defaulted in payment, and this action was commenced against W. L. Kendall and F. W. Weller, as makers, and R. L. Hall and J. A. Murphy, as indorsers. All the defendants except Hall were served with process, and Kendall and Weller answered, but no answer was filed by Murphy. On the trial of the case, verdict and judgment were rendered for the defendants Kendall and Weller, and from that judgment the plaintiff has perfected this appeal.

The plaintiff, the Liberty National Bank, claims to be a purchaser of the note sued on before maturity, in good faith, in due course, for value. The defendants Kendall and Weller admit the execution of said note, but plead that its execution and delivery were induced by misrepresentation and fraud on the part of R. L. Hall, the payee, and they also deny that the plaintiff bank was a purchaser of said note in due course and in good faith.

Section 7729, Comp. Okla. Stat. 1921, provides as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course."

Counsel for plaintiff in their brief state that although they do not admit that the payee, R. L. Hall, obtained said note by fraud and misrepresentation, yet the evidence is sufficient to support such findings of the jury. We have examined the record, and find there is ample evidence to support such finding. Therefore, the burden was upon the plaintiff to prove that it was a holder in due course. Section 7722, Comp. Okla. Stat. 1921, defines who are holders in due course:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"First. That it is complete and regular upon its face;

"Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"Third. That he took it in good faith and for value;

"Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The plaintiff contends that the evidence that the plaintiff was a holder in due course

is undisputed and uncontradicted, and that therefore the judgment of the trial court is not sustained by the evidence, but is contrary thereto.

C. E. Riley, who was cashier of the plaintiff bank at the time of the purchase of said note from Murphy, was the only witness that testified relative to the purchase of said note by the plaintiff. He testified in substance as follows:

That he was cashier of the plaintiff bank; that he represented the bank in the purchase from J. A. Murphy of the note sued on; that he had known Murphy for a considerable length of time, during which he did his banking business with the plaintiff bank; that on the 17th day of June, 1921, said bank held a note executed by Murphy which was due a few days later; that Murphy delivered the note sued on herein for $2,000 to the plaintiff bank in payment of the $1,500 note, and that the bank paid Murphy the difference. Riley also testified that neither he nor the plaintiff bank had any notice or knowledge whatever concerning the nature of the transaction leading to the execution and delivery of the note by Kendall and Weller to Hall. This evidence of Riley is uncontradicted by positive evidence. Counsel for defendants, however, call our attention to the case of Continental Insurance Co. v. Chance, 48 Okla. 324, 150 Pac. 114, wherein the court said:

"Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict."

Counsel then contend that the testimony of Riley, as well as "the other circumstances," was sufficient to require the submission of the case to the jury. "The other circumstances" referred to are as follows:

Plaintiff originally filed this suit in Osage county and obtained service of process on all four defendants. When the demurrer of Kendall and Weller was sustained because they were not residents of Osage county, the plaintiff dismissed as to all defendants. Hall was a resident of Osage county and known to the plaintiff to be financially able to pay said note. Defendants contend that failure of plaintiff to take judgment against Hall in Osage county was evidence of bad faith and collusion between the plaintiff and Hall. They also contend that failure to secure service of process on Hall in the

instant case, which was subsequently filed in Garfield county, was evidence of such collusion. The same contention is made because no default judgment was taken against Murphy in the instant case, although he was duly served with process. There is no merit in such contention. Under the "Negotiable Instruments Law," and the statutes of this state, the holder of a promissory note may recover against any or all of the makers or indorsers.

This court has repeatedly announced the following rule:

"Suspicion of defect of title, or knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat the rights of one claiming to be a bona fide holder. That result can be produced only by bad faith on his part." See McPherrin v. Tittle et al., 36 Okla. 510, 129 Pac. 721; Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 Pac. 785; Southwest Nat. Bank of Commerce, of Kansas City, v. Todd, 79 Okla. 263, 192 Pac. 1096; and Stevens v. Pierce, 79 Okla. 290, 193 Pac. 417.

The evidence of the plaintiff's witness, Riley, being uncontradicted, and not inherently improbable, either in itself or when taken in connection with circumstances surrounding the transaction, the jury were not at liberty to disregard it. Hamilton v. Blakeney, 65 Okla. 154, 165 Pac. 141. In fact, there was no evidence to submit the question of innocent purchaser to the jury, because the evidence of the plaintiff was not improbable, nor were there any circumstances or facts taken in connection with the purchase of the note that would impute knowledge of the plaintiff that the note was defective.

It was error for the trial court to submit this question to the jury. The court should have advised the jury that the evidence was uncontradicted and conclusive, and that it was their duty to return a verdict for the plaintiff.

For the reasons stated, the judgment is reversed, and remanded, with instructions to enter judgment for plaintiff, as no defense is disclosed from the evidence.

McNEILL, C. J., NICHOLSON, V. C. J., and BRANSON and WARREN, JJ., concur.

Note.—See under (1) 8 C. J. pp. 982, **983**; (3) 8 C. J. p. 501; (4) 8 C. J. p. 1060, 38 Cyc. pp. 1534, 1566; (5) 8 C. J. p. 1046.