## EYSENBACH v. FARMERS & MERCHANTS BANK OF WINNETT.

No. 21628. Opinion Filed June 13, 1933.

Chas. L. Yancey, G. C. Spillers, Henry L. Fist, and Jos. L. Seger, for plaintiff in error.

L. M. Poe, E. J. Lundy, R. E. Morgan, and H. R. Duncan, for defendant in error.

ANDREWS, J. The defendant in error, as plaintiff, filed its petition in the court of common pleas of Tulsa county against the plaintiff in error, as defendant, and prayed for a money judgment for the amount of a check signed by the defendant and payable to J. W. Rose, in the sum of $400. The check was drawn in the state of Montana on September 1, 1927, on the First National Bank of Tulsa, Okla.

The plaintiff alleged in its petition that immediately after the 1st day of September, 1927, the payee, for value received, indorsed and delivered the check to it; that immediately after receiving the check it forwarded it through the usual channels and course of trade for collection and payment at the First National Bank of Tulsa; that the defendant had directed the bank not to pay the check, and that payment thereof was refused.

The defendant answered, denying generally, and alleging that the reason for his stopping the payment of the check was that the check was given as the purchase price of a lease which the payee was to assign and deliver to him, and which the payee did not assign and deliver; that the plaintiff had knowledge of the conditions under which the check was given and that the lease was not in fact assigned and delivered to the defendant; that the payee of the check sustained no detriment; that the defendant received no benefit, and that the check was wholly without consideration.

The cause was tried to a jury. At the conclusion of all of the evidence, the court sustained the plaintiff's motion to direct a verdict for the plaintiff. The defendant appealed to this court.

The defendant contends that the trial court erred in taking the cause from the consideration of the jury; in directing a verdict for the plaintiff, and in assessing the amount of the plaintiff's recovery.

The record shows that when the check was delivered by the payee to the plaintiff, the amount thereof was not credited by the plaintiff to the checking account of the payee; that it was held by the plaintiff in what was termed its "escrow" account for ten days during the process of collection, and that upon the insistence of the payee the amount thereof was transferred by the plaintiff to the checking account of the payee before the plaintiff ascertained that payment of the check had been stopped.

The plaintiff contends that on crediting the amount of the check to the active drawing account of the payee it became a bona fide purchaser for value in due course of the check, and that any arrangement that the defendant may have had with the payee

128

constitutes no defense for the defendant. With that contention we agree.

The defendant contends that, since the plaintiff had knowledge of Rose's business reputation and departed from the plan of safety by crediting the amount of the check to his checking account, the jury, and not the court, should have determined whether or not the plaintiff had knowledge of the details of the transaction in question.

The testimony did not show that the plaintiff had any knowledge of the circumstances and conditions surrounding the issuance and delivery of the check by the defendant to Rose. On the contrary, the plaintiff introduced positive testimony of its officer, who accepted the check from the payee, that he had no knowledge of the circumstances under which the check was issued and delivered.

There was no issue of fact presented by the evidence as to the plaintiff's knowledge of the circumstances under which the check was issued and delivered. The allegations in the answer were not supported by any evidence. They did not present an issue of fact to be determined by the jury. When the evidence is uncontradicted and not inherently impossible, the trial court is not at liberty to disregard it and should advise the jury of the conclusive effect thereof and direct a verdict. Liberty Nat. Bank of Pawhuska v. Kendall et al., 113 Okla. 140, 240 P. 72; Sartain v. Walker et al., 60 Okla. 258, 159 P. 1096.

This court is committed to the rule that suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title, and that result can be produced only by bad faith on his part. McPherrin v. Tittle et al., 36 Okla. 510, 129 P. 721; Forbes v. First Nat. Bank of Enid, 21 Okla. 206, 95 P. 785; Southwest Nat. Bank of Commerce v. Todd et al., 79 Okla. 263, 192 P. 1096, and Stevens v. Pierce, 79 Okla. 290, 193 P. 417.

It is further contended that the trial court erred in assessing the amount of the recovery of the plaintiff. The testimony shows that at the time the plaintiff received notice that payment of the check had been stopped, the payee had to his credit in his personal account in the bank the sum of $27. The defendant contends that that sum should have been deducted from the amount of the

plaintiff's claim. That contention cannot be sustained under the pleadings.

We have determined herein only the issues presented by the parties hereto in their briefs.

We find no error in the judgment of the trial court, and that judgment is affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BUSBY, and WELCH, JJ., concur. OSBORN and BAYLESS, JJ., absent.