## OWENS v. SOUTHWESTERN MORTGAGE CO.

No. 14455—Opinion Filed Feb. 5, 1924.

(Syllabus.)

1. Bills and Notes — Holders for Value — Mere Suspicious Circumstances as to Defective Title.

Where S., who is the owner of city lots and is erecting a house thereon, sells the same to O., under a contract providing for completion thereof according to certain specifications, and takes the purchaser's note for a portion of the purchaser's price secured by mortgage on the property, which are purchased by plaintiff mortgage company, in due course, for a valuable consideration, before maturity; and where S. fails to comply with said contract, and suit is later instituted on said note and mortgage by the mortgage company against O., and O. defends on the ground that plaintiff is not an innocent purchaser, held, this defense cannot be established by suspicion of defect of title or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, as that result can be produced only by bad faith or knowledge on the part of the plaintiff.

2. Vendor and Purchaser—Bona Fide Purchasers—Rights of Subsequent Grantee With Notice.

A bona fide purchaser is not only entitled to protection for a title while it remains in him, but he may also transfer such title to any other person, and with it goes his superior equity as a bona fide purchaser. And, although the grantee of a bona fide purchaser may have notice of outstanding conflicting interests which are a defect upon the title, he may still claim the benefit of the superior equity acquired by his grantor as a bona fide purchaser.

Error from District Court, Tulsa County; Valjean Biddison, Judge.

Action by Southwestern Mortgage Company against Laura G. Owens et al. Judgment for plaintiff, and defendant Laura G. Owens brings error. Affirmed.

John L. Curran and W. R. Banker, for plaintiff in error.

F. O. Cavitt for defendant in error.

MASON, J. This cause of action is a consolidation of two cases commenced by the defendant in error, Southwestern Mortgage Company, as plaintiff, in the district court of Tulsa county. Okla., to recover on a note and to foreclose a mortgage securing the same in each of said cases.

The first case, being against J. D. Simmons and Laura G. Owens, was based on a $1,000 note and mortgage securing the same executed by Laura G. Owens and delivered to J. D. Simmons and by him assigned to the plaintiff.

In the other case, the plaintiff sought to recover judgment on a note of $4,000 and a mortgage securing the same executed by J. D. Simmons and Effie E. Simmons, his wife.

The mortgages in both cases cover the same property. No personal judgment was asked against Laura G. Owens in the latter case, but foreclosure of the mortgage was asked against her, as she then held title to said property.

The defendant Laura G. Owens answered in each case, but the defendants J. D. Simmons and Effie E. Simmons failed to answer and were adjudged in default. The cases were consolidated, tried to the court, and judgment rendered for the plaintiff, and the defendant Laura G. Owens appeals.

The evidence in the case, in so far as material to this appeal, is substantially as follows: That the defendant J. D. Simmons was engaged in the business of building and selling residence property in the city of Tulsa; that he had been in such

business for several years, and that M. Hughes had been assisting him in financing said business during most of that time; that in the fall of 1919, Simmons was erecting a house on the premises involved herein; that Hughes had loaned him money to carry on such work, and, some time during the month of September, 1919, Hughes took title to said property as security for the money advanced; that, thereafter, on or about November 17, 1919, Simmons entered into a contract for the sale of said property to the defendant Laura G. Owens. Said contract providing that the building was to be completed according to certain plans and specifications, which were set out in full; that the purchaser be permitted to occupy said house as soon as the interior was completed, and the exterior to be finished thereafter; that Simmons was to deed her the property at the time she moved in, and she was to execute her notes secured by a mortgage on said property in payment therefor.

The evidence further discloses that, thereafter, on December 12, 1919, J. D. Simmons and Effie E. Simmons, his wife, executed the $4,000 note and mortgage sued on herein to John S. Charles of Bliss, New York; that at this time title to said property was not in Simmons, but that two days later Hughes, who held the title, reconveyed the same to Simmons.

Thereafter, on January 19, 1920, the interior of said property was completed to such an extent that the purchaser, Laura G. Owens, was permitted to move in and occupy the same, and on the same date J. D. Simmons executed and delivered the deed to her as provided for in the contract of November 17th, and on the same day she executed her notes, including the $1,000 note sued on herein, which were made payable to J. D. Simmons and were secured by mortgage on said property. Said $1,000 note and mortgage were delivered to J. D. Simmons and, thereafter, on January 22, 1920, indorsed and delivered by him to the plaintiff herein. On December 14, 1920, John S. Charles, for a valuable consideration, indorsed the $4,000 note and delivered the same to the plaintiff herein, together with an assignment of the mortgage securing the same.

The evidence further discloses that Hughes was vice president of the Southwestern Mortgage Company, and it further discloses that the loan from John S. Charles to Simmons was made through said Hughes, as agent. The answer and evidence in support thereof of the defendant was to the effect that Simmons had failed to complete said building according to the plans and specifications therein set out and failed to comply with said contract, and that the defendant Laura G. Owens elected to repudiate said contract. There is no evidence, however, that Charles had any notice of the existence of the contract between J. D. Simmons and Laura G. Owens or the breach thereof by Simmons at the time the $4,000 note and mortgage were executed. Neither is there any evidence that Hughes had any actual notice of said contract or the breach thereof by Simmons at any time before the execution and delivery of the $4,000 note and mortgage to Charles or at any time before the transfer of the $1,000 note and mortgage to the plaintiff. In fact, Hughes testified positively that he had no such notice.

For reversal, however, plaintiff in error contends that, although Charles may not have had actual notice of the defects of the $4,000 note and mortgage, he had constructive notice thereof. It is urged that, inasmuch as title to said premises was in Hughes and not in Simmons at the time said $4,000 note and mortgage were executed, Charles was put on inquiry as to Simmons' title, which would have revealed Hughes' knowledge and notice of the contract between Simmons and Mrs. Owens. It is also urged that Hughes was the agent of Charles in said transaction, and therefore Charles is charged with the notice that Hughes had of said contract. These contentions may be admitted, but the defendant would still have the burden of showing notice in Hughes. Does the evidence show Hughes had notice? Counsel say it is absurd and beyond reason to say that Hughes, the man whose money was being used, did not know under what plans and specifications the house was being built. It is further urged, it is utterly beyond reason that a man of Hughes' ability would put out his money and would not know by what it was secured, and inasmuch as his security was practically valueless unless the house was built, he must be charged with knowing how it was to be built, and that therefore he would be familiar with the contract between Simmons and Mrs. Owens, which contained the plans and specifications of said house. The house may have been built so as to be satisfactory to Hughes, and still not meet the requirements of Mrs. Owens as set forth in her contract. This evidence, at most, could create no more than a suspicion that Hughes had notice of the contract and the breach thereof, and this is not sufficient under the holding of this court in Fleming v. Drew et al., 88 Okla. 160, 212 Pac. 306, wherein the following rule was announced:

"In an action on a promissory note, by a purchaser in due course, for a valuable consideration, before maturity, the defense that the holder is not an innocent purchaser cannot be established by suspicion of defect of title or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, but that result can be produced only by bad faith on his part."

Admitting this evidence was sufficient to present a question of fact as to whether Hughes had such notice, it was contradicted by him, and the finding of the trial court, that he had no such notice, was reasonably supported by the evidence, and therefore will not be disturbed on appeal.

It is next contended that the plaintiff, Southwestern Mortgage Company, was not a bona fide purchaser, for value without notice, before maturity, of the $4,000 note and mortgage, for the reason that Hughes, the vice president and agent of said company in the purchase of the same, testified that he had notice of Mrs. Owens' claims some time in July, 1921, and that said note and mortgage were not purchased by the plaintiff until December 14, 1921. This contention is also without merit, since we have concluded that Charles was a bona fide purchaser of said note and mortgage.

This court in the recent case of Bank of Meno v. Coulter, 94 Okla. 213, 221 Pac. 495 held as follows:

"A bona fide purchaser is not only entitled to protection for his title while it remains in him, but he may also transfer such title to any other person, and with it goes his superior equity as a bona fide purchaser. And, although the grantee of a bona fide purchaser may have notice of outstanding conflicting interests which are a defect upon the title, he may still claim the benefit of the superior equity acquired by his grantor as a bona fide purchaser."

It is next urged that the plaintiff is not a bona fide holder of the $1,000 note and mortgage, for the reason that Hughes, who was the agent of the plaintiff in the purchase of the same, had knowledge of the claims of Mrs. Owens prior to the time plaintiff acquired possession thereof. We disposed of this question in discussing the $4,000 note and mortgage, and the conclusion reached is applicable to the $1,000.00 note and mortgage.

Counsel for plaintiff in error cite Peters v. Reid (N. J.) 74 Atl. 662, and attempt to quote from it extensively, which attempted quotation supports their position in this case, but an examination of the case as reported

discloses that counsel have inadvertently omitted that portion which distinguishes it from the case at bar. The case as reported is not applicable to the instant case.

We have carefully examined the entire record and briefs in this case, and, although it appears that the plaintiff in error was probably defrauded and done a great injustice by J. D. Simmons, the plaintiff mortgage company had no knowledge thereof, and the trial court properly rendered judgment for said company.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and LYDICK, JJ., concur.